250 So.2d 751

**STATE of Louisiana**

**v.**

**Theodore LEVI (Levy), Jr.**

**No. 50918.**

June 28, 1971.

Rehearing Denied Aug. 12, 1971.

F. Louis Gonzales, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

The State charged Theodore J. Levy, Jr., the appellant, and James Edward Williams with the robbery of W. W. Kirk while armed with a dangerous weapon, a .44 caliber revolver. Williams pleaded guilty, and the State proceeded against Levy alone.

In response to a defense motion for a bill of particulars, the State conceded that the revolver used by the defendant in the robbery was unloaded and unworkable.

After hearing the evidence, the jury returned a verdict of guilty as charged, and the trial judge sentenced the defendant to a term of 25 years in the state penitentiary. He has appealed, relying upon two bills of exceptions.

Defendant reserved the first bill of exceptions to the refusal of the trial judge to give to the jury the following special charge requested by the defendant:

"If you find from the evidence that a robbery was committed, and further find from the evidence that the weapons used to perpertrate the said robbery were firearms, used or attempted to be used exclusively as firearms, then I charge you that such firearms being not loaded and not being capable of being fired when they were so used, are not dangerous weapons and, therefore, I direct you to bring a verdict of simple robbery."

He reserved the second bill of exceptions when, at the State's request, the trial judge gave to the jury the following special charge:

"The likelihood of receiving great bodily harm or death referred to in Article 2 of the Criminal Code is not limited to injury or death to the victim in the alleged offense, but also to the likelihood of injury or death to the defendant or other people."

The basic question posed is whether or not a person who commits a robbery by pointing an unloaded and unworkable pistol at the victim can be adjudged guilty of armed robbery, the aggravated form of robbery denounced by LSA–R.S. 14:64.

The pertinent codal provisions provide:

LSA–R.S. 14:64:

"A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

"B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."[1]

LSA–R.S. 14:2(3):

"'Dangerous weapon' includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm."

The distinction between armed robbery and simple robbery is that in the former the offender is armed with a dangerous weapon. In determining whether criminal

---

1. LSA–R.S. 14:65:
"Simple robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.

"Whoever commits the crime of simple robbery shall be imprisoned, with or without hard labor, for not more than five years."

conduct falls in the more serious category, we must be guided by the salutary principles set forth in LSA–R.S. 14:3. The code articles may not be extended by analogy but must be given a genuine construction in connection with the context and with reference to the purpose of the provision. See State v. Gonzales, 241 La. 619, 129 So.2d 796, 84 A.L.R.2d 1248; State v. Robertson, 241 La. 249, 128 So.2d 646.

In making robbery with a dangerous weapon an aggravated offense with severe penalties, LSA–R.S. 14:64 was designed to deter robbery fraught with danger of serious physical harm, not only to the victim, but to any person at the scene. In such a robbery, harm may occur to the victim, to the culprit, or to a third party. It can occur in various ways. The victim may be shot or struck with the weapon by the culprit. The culprit may be shot or struck by the victim or a third party.[2] A third party may be shot or struck by the culprit, the victim, or another third party. The highly charged atmosphere at the scene of a pistol-robbery is conducive to violence, whether the pistol is loaded or unloaded, workable or unworkable. Danger invites rescue. It also invites self-help. See State v. Johnston, 207 La. 161, 20 So.2d 741; Bass v. State, Fla.App., 232 So.2d 25; Baker v. United States, (U.S. 5th Cir.) 412 F.2d 1069.

The overwhelming weight of authority throughout the country supports the rule that one may be convicted of robbery with a dangerous weapon though the gun used was unloaded. See People v. Ash, 88 Cal. App.2d 819, 199 P.2d 711; Turner v. State, 201 Tenn. 562, 300 S.W.2d 920; State v. Ashland, 259 Iowa 728, 145 N.W.2d 910; Hayes v. State, 211 Md. 111, 126 A.2d 576; State v. Montano, 69 N.M. 332, 367 P.2d 95; 46 Am.Jur., Robbery § 4, p. 141; 2 Wharton's Criminal Law and Procedure (Anderson 1957) § 546, p. 245; Annotation, 79 A.L.R.2d 1412, 1426–1430.

In State v. Johnston, supra, this Court held that an assault with an unloaded revolver constituted an assault with a dangerous weapon as defined by LSA–R.S. 14:2, stating:

"Under the definition of article 2 a dangerous weapon is not necessarily an instrumentality that can or will, without some intervening circumstance, produce death or great bodily harm; neither, thereunder, is it only one which in itself is likely to produce the stated result. Rather, the codal provision contemplates and specifically provides for 'any * * * instrumentality, which in the manner used, is calculated or likely to produce death or great bodily harm.'

"As before shown, this defendant, while obviously drunk, broke into a pri-

---

**2.** As an illustration, the victim in the present case shot at the offenders as they left the scene.

vate home. Unknown to the many persons assembled there, he, in a threatening and hostile manner, pointed and clicked his large revolver at them. Certainly they could assume that the gun would fire; its appearance was that of one in good working condition, and they had heard, momentarily before, the firing of shots nearby. Clearly, the revolver, under these circumstances or in the manner that it was used by defendant, was likely to produce, at least, great bodily harm to those assaulted. It, therefore, was a dangerous weapon.

"Usually in a situation of that kind the person so assaulted attempts to escape, to wrest the gun from the assailant, or to deliver to him some death dealing blow; and, in making any of these attempts, serious injury often results. Moreover, under the circumstances that existed here, as the trial judge correctly points out, 'the complainants, in order to repel their assailant, would have been justified if they had either inflicted great bodily harm upon him or slain him, because it was reasonable for them to believe that their lives were placed in danger by the conduct of the defendant. * * *' Fortunately, however, defendant's unpardonable intrusion and perilous adventure produced none of those usual occurrences."

Defendant argues that the rejected jury instruction is proper, because it is based upon a jury-finding that the pistol was used exclusively as a firearm and not as a bludgeon. This argument, however, is faulty. When an empty gun is pointed at the victim and not actually used as a bludgeon, it may nonetheless be a dangerous weapon. Both a continuous threat and capability exist that it will be used as a bludgeon.

In People v. Egan, 77 Cal.App. 279, 246 P. 337, the Court said:

"It is a matter of common knowledge that in committing robbery pistols are frequently used as bludgeons rather than as firearms."

To be classified as a dangerous weapon under the cited articles, a pistol need not be capable of firing or inherently dangerous. See State v. Murff, 215 La. 40, 39 So.2d 817; State v. Reynolds, 209 La. 455, 24 So.2d 818.

The criminal law is designed, not merely to fix the moral guilt of the offender, but also to protect the rights of the general public and the victim. A reasonable construction of the armed robbery provisions here can preserve that design. An unloaded revolver in the hands of a person intent on divesting another of his money is a dangerous weapon. We hold that a person who commits a robbery by pointing an unloaded and unworkable pistol at the victim

can be adjudged guilty of armed robbery. For us to hold otherwise would be to build into our law an "unloaded weapon" defense that would defeat most prosecutions for armed robbery except when the offender is captured at the scene and his weapon seized.

We affirm the special charge rulings of the trial judge.

For the reasons assigned, the conviction and sentence are affirmed.