306 So.2d 737 (1975)
STATE of Louisiana
v.
Gaston Julius LEAK.
No. 55225.
Supreme Court of Louisiana.
January 20, 1975.
*738 James P. Bodenheimer, Baton Rouge, Steven W. McKenzie, Bossier City, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Charles A. Marvin, Dist. Atty., Henry N. Brown, Jr., Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Gaston Julius Leak was charged by bill of information with the crime of armed robbery. La.R.S. 14:64 (1950), as amended by Acts 1966, No. 5, § 1. After trial by jury, he was found guilty as charged and sentenced to serve ten years at hard labor. In his appeal to this court, defendant perfected only one bill of exceptions. Additionally, he allges an error patent on the face of the record.

BILL OF EXCEPTIONS NO. 4
Defendant reserved a bill of exceptions to the trial judge's refusal to give a requested special charge to the jury. The request was made in chambers and does not appear in the record; however, its substance is not in dispute. As defendant reiterates in his bill of exceptions, the requested charge directed that
if the jury found that the weapon used to perpetrate the robbery was an extension to a ratchet coupled with a socket used to stimulate (sic) a firearm, then I charge you that such weapon being not a firearm, nor in anyway capable of being converted into a firearm, is not a dangerous weapon, and, therefore, I direct you to bring a verdict of simple robbery.
The essence of the proposed charge is that the term "dangerous weapon" as used in the armed robbery statute embraces only firearms and those instruments that may be converted into firearms. Defendant thus argues that, by employing an instrument incapable of conversion into a firearm, he can only be lawfully convicted of simple, rather than armed, robbery.
The requested charge was properly refused. According to article 807 of the Code of Criminal Procedure,
[a] requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent.
La.Code Crim.P. art. 807 (1966) (emphasis added). The charge requested by defendant herein was not "wholly correct"; the definition of "dangerous weapon" offered in R.S. 14:2(3) provides that the term
includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm.
La.R.S. 14:2(3) (1950), as amended by Acts 1962, No. 68, § 1. Clearly, then, a "dangerous weapon" may be other than a firearm or an instrument capable of conversion to a firearm. Hence, the trial judge properly refused to charge the jury as requested.
Moreover, the instrument that defendant alleges he used to perpetrate the crime, an extension to a ratchet coupled with a socket, constitutes a "dangerous weapon" as contemplated by the statutes quoted above. While criminal statutes are not to be extended by analogy, they must be given a genuine construction consonant with the plain meaning of the language in light of its context and the purpose of the provision. La.R.S. 14:3 (1950); State v. Levi, 259 La. 591, 250 So.2d 751 (1971). *739 As we noted in Levi, by making robbery with a dangerous weapon an aggravated offense with severe penalties, the apparent intent of the statute is to deter the possibility of serious physical harm resulting to anyone present in such a highly charged atmosphere as the scene of a robbery in progress by their use of any substance or instrument likely to produce death or serious bodily harm. Additionally, as in Levi, the instrument used here was capable of conversion into a bludgeon. Thus, where an instrument held by the culprit invites the forcible responses of the victim and/or bystanders and embraces the threat and capability that it will be used as a bludgeon, possibilities are presented that are "... likely to produce death or great bodily harm." La.R.S. 14:2(3) (1950), as amended by Acts 1962, No. 68, § 1. Hence, in view of the plain meaning of the definition of "dangerous weapon" and the intent of the armed robbery statute, we have no difficulty in determining that defendant's use of an extension to a ratchet coupled with a socket to convincingly simulate a firearm to those at the scene of the robbery constituted robbery with a dangerous weapon. This bill of exceptions is without merit.

ALLEGED ERROR PATENT ON THE FACE OF THE RECORD
Defendant also asserts, patent on the face of the record, there exists reversible error in that the polling of the jury reflects four answers of "no" to the question, "Is this your [guilty] verdict?" There is no merit to this contention. First, the transcript indicates that, after the jury was polled, the court remarked: "Nine to three. Three no's. Is that correct? All right ...." No objection was made by defendant. Immediately thereafter, the court ordered defendant to step forward and stated: "Mr. Leak, you heard the verdict of the jury by vote of nine to three, found that you were guilty of the offense of armed robbery." Defendant was then remanded to the custody of the sheriff. Again, there was no objection by defendant. However, the transcript also shows that many of the questions posed to the jurors were unanswered. The state moved to amend the transcript, alleging that the court reporter had failed to hear the answers when listening to the audiograph recording of the evidence. This court granted the motion. The corrected version, taken from the reporter's penciled notes, indicates that only the jurors in seats 1, 6, and 11 did not vote for the guilty verdict returned by the jury. Since nine votes are sufficient to convict a defendant of armed robbery,[1] the conviction was lawfully obtained.
In any event, we note that article 920(2) of the Code of Criminal Procedure permits consideration on appeal only of "any error that is discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence." Clearly, since it requires a review of the evidence to determine whether there has been an error in the polling of the jurors, the alleged error is not "discoverable by mere inspection of the pleadings and proceedings" under the terms of article 920. Furthermore, examination of the jury's verdict as recorded in the minutes of court, which are a part of the "pleadings and proceedings," reveals no discrepancy or error. Hence, the alleged error in the jury polling found in the transcript is not reviewable by this court.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.
NOTES
[1] The penalty for robbery with a dangerous weapon is imprisonment at hard labor for not less than five nor more than 99 years. La.R.S. 14:64 (1950), as amended by Acts 1966, No. 5, § 1. Crimes necessarily punishable at hard labor require a jury of twelve, with nine votes being sufficient to convict. La.Const. art. 7, § 41 (1921); La.Code Crim. P. art. 782 (1966).