310 So.2d 569 (1975)
STATE of Louisiana
v.
Joseph Francis FORBES.
No. 55596.
Supreme Court of Louisiana.
March 31, 1975.
Aaron Frank McGee, Guillory, McGee & Mayeux, J. Michael Morrow, Devillier, Ardoin & Morrow, Eunice, Richard Millspaugh, Opelousas, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, First Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was charged by bill of information with the February 13, 1973 armed robbery of Mrs. Rita DeJean. (R.S. 14:64). Preliminary motions were filed and after hearings on a motion to suppress and the sanity of the defendant, trial on *570 the merits was held on April 27, 1973. The jury returned a verdict of guilty as charged and the defendant was subsequently sentenced to serve forty years at hard labor without benefit of probation or parole.
During the course of these proceedings the defendant reserved numerous bills of exceptions. He has perfected and presented four assignments of error to this court.
The defendant's first contention of error is that the trial judge erred when he allowed the report of the sanity commission to be introduced into evidence over the objection of the defendant that it was inadmissible hearsay evidence. This contention is without merit.
R.S. 15:425 provides:
"The report of every commission of lunacy shall be prima facie evidence of the facts recited in such report and of the correctness of the findings of such commission."
C.Cr.P. 647 provides:
"The issue of the defendant's mental capacity to proceed shall be determined by the court in a contradictory hearing. The report of the sanity commission is admissible in evidence at the hearing. and members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney. Regardless of who calls them as witnesses, the members of the commission are subject to cross-examination by the defense, by the district attorney, and by the court. Other evidence pertaining to the defendant's mental capacity to proceed may be introduced at the hearing by the defense and by the district attorney."
Comment (c) under this article states:
"The express provision that the report of the sanity commission is admissible in evidence at the hearing conforms with the A.L.I. Model Penal Code, § 4.06(1) (Tent.Draft No. 4, 1955). The Comment to that provision states that it `may be interpreted as creating or at least allowing for an exception to the hearsay rule in connection with receiving in evidence the report of the examining experts without requiring that they appear and testify, thus obviating the necessity for taking the testimony of these experts in every case in which a report is contested [citing Wis.Stats.].' Nevertheless, full provision is made for utilization of direct testimony of the commission members in explanation and support of their findings."
This is a reasonable exception to the hearsay rule. There is a logical basis for assuming that the report is trustworthy since it is made under the order of the court. The professionals involved in making the report do not have any interest in the case. The defendant, prosecution and the court have the right to subpoena the doctors who made the report, put them on the stand under oath, examine them and cross-examine them as to the accuracy of the report. Under these circumstances it cannot be said that the defendant was prejudiced by the failure of the State to call the doctors to the stand.
This assignment of error is without merit.
Defendant's second contention is that the trial judge erred in denying the motion to suppress a confession and certain physical evidence obtained from the defendant. Defendant's contention is that the search of his room (during which the physical evidence was discovered) was illegal. He further contends that he gave the confession only because he was confronted with this illegally obtained evidence.
The original search of the defendant's room was not unconstitutional. Both police officers testified that they specifically asked the defendant's mother if they could look in the defendant's room. She told them that they could look in the room. When examined closely by the district attorney the mother also admitted that *571 she had told the officers that they could go into her son's room to look for items taken during the armed robbery.
The search was made on the basis of a lawful consent given by the defendant's mother in her own home. There is no contention that the officers intimidated the mother nor that they forced themselves into the premises and extracted her consent.
Defendant contends that he was an owner of an undivided interest in the home and that therefore the officers had to obtain his permission to search the house. Legal title to a home is not the key factor in determining whether a person has the authority to grant permission to search the premises. In United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), Footnote 7, the court noted:
"Common authority is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the thirdpart consent does not rest upon the law of property, with its attendant historical and legal refinements, ... but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched."
It is alleged that the defendant in this case owned the home in indivision with his mother. However, this was the family home and at the time in question the mother was the head of the family at this residence. The record shows that the mother herself entered the defendant's room at an earlier point in the investigation. The mother knew where the defendant kept things in his room as evidenced by the fact that she was able to help the officers locate some keys that they were looking for. It must be concluded that the mother had such control of and access to the defendant's room that she had the right to give her permission to search the room. The search was based on a valid consent. The evidence seized at the search was properly admitted into evidence. Defendant's contention that the confession was illegally obtained was based directly on the claim that the search was illegal. Because we have concluded that the search was legal, the objection to the introduction of the confession is also without merit.
This assignment of error is without merit.
Defendant next contends that the pistol found beneath his mattress was improperly admitted into evidence.
In brief, defendant argues that the "pistol" was nothing but a toy, could not produce bodily harm, and was not seen by the victim. The argument is made that even under the reasoning of State v. Levi, 259 La. 591, 250 So.2d 751 (1971), the pistol was not a "dangerous weapon," without which there could be no armed robbery.
The pistol, introduced in evidence, is not included in the record before us. In defendant's confession, he called it a "blank pistol," and one police officer refers to it as possibly a blank pistol. There is no further description of the weapon. We are not informed whether it would fire a bullet with a projectile.
When the pistol was introduced, defendant's counsel seemed to concede before the trial judge that it was admissible because it was found under defendant's mattress, "but," he added, "in all other respects it is immaterial and irrelevant."
*572 The trial judge, in his per curiam to the bill, merely pointed out that, "The evidence was relevant under LSA, R.S. (15) 441."
Therefore, the issue argued in brief (that there could be no armed robbery with a "toy" pistol), was not made before the trial court. In order to raise a trial error on appeal, the defendant must make the grounds for his objection known to the court at the time of the objection.
Since the trial court was not apprised of the basis for defendant's objectionthat this "pistol" was not such a dangerous weapon that its use in a robbery would constitute "armed robbery"that argument cannot now be made for the first time in this court.
There is no error in this assignment.
The last assigned error presents a question of whether there was a proper foundation laid for the introduction of the photograph of the victim's automobile. The defendant argues that the State did not properly identify the automobile in the picture because Mrs. DeJean testified that she had trouble seeing and she could not immediately identify the car. However, before the photograph was introduced into evidence, Mrs. DeJean's son took the stand and clearly testified that the car pictured belonged to his mother at the time of the crime. This court has consistently held that it is not necessary to have the photographer testify about a picture before it can be introduced into evidence if the object pictured is properly identified by another witness. State v. Mitchell, 278 So.2d 48 (La.1973); State v. Chambers, 263 La. 1080, 270 So.2d 514 (1972) and authorities therein cited.
This assignment of error is without merit.
Accordingly, the conviction and sentence of the defendant are affirmed.