329 So.2d 676 (1976)
STATE of Louisiana
v.
Robert Wayne McCLINTON.
No. 57175.
Supreme Court of Louisiana.
March 29, 1976.
Paul W. Cary, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Paul J. Carmouche, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Robert Wayne McClinton was charged by bill of information with armed robbery in violation of La.R.S. 14:64. On June 5, 1975, defendant withdrew his original plea of not guilty and entered a plea of guilty of attempted armed robbery. Following a pre-sentence investigation, defendant was sentenced to nine and one-half years at hard labor with credit for time served, without benefit of parole, probation or suspension of sentence. From this sentence defendant appeals, raising three assignments of error.
The basic facts of the case are as follows: On January 4, 1975 a man with a "gun" robbed a convenience store in Shreveport, Louisiana. Some of the money placed in a paper bag by the store attendant contained a tracking device. By means of this device, the police located defendant, the money that was taken in the robbery, and the gun apparently used in the commission of the robbery at the home of defendant's father. At the time defendant changed his plea to guilty of attempted armed robbery, he stated that these facts were substantially correct, but asserted that he did not point the gun at the store attendant and stated that the gun itself was actually a blank, or starter's, pistol. This quality of the weapon was admitted by the state.[1]
By assignment of error number one, defendant argues that his sentence of nine and one-half years at hard labor, without benefit of parole, probation or suspension *677 of sentence is unconstitutionally cruel and excess. Article I, Section 20 of the Louisiana Constitution of 1974 provides that "[n]o law shall subject any person. . . to cruel, excessive or unusual punishment."
The armed robbery statute in this State provides for a penalty of imprisonment at hard labor for not less than five and not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. La.R.S. 14:64. As set forth in La.R.S. 14:27, the penalty for an attempt to commit armed robbery must not exceed one-half of the longest term of imprisonment prescribed for armed robbery. Thus in the instant case, while defendant was sentenced to serve nine and one-half years, the trial court was authorized by law to impose a maximum sentence of forty-nine and one-half years.
Louisiana jurisprudence has consistently held that the penalty provision of the armed robbery statute does not violate the United States or Louisiana constitutional prohibitions against cruel and unusual punishment. State v. Stewart, 325 So.2d 828 (La.1976) (decided January 19, 1976); State v. Pierce, 321 So.2d 523 (La.1975); State v. Howard, 262 La. 270, 263 So.2d 32 (1972). Logic dictates that the same reasoning applies to the penalty provisions applicable to attempted armed robbery and that the sentence in this case is not cruel and unusual.
Defendant argues, however, that the sentence is not only cruel but also "excessive." While the Louisiana Constitution of 1921 merely prohibited "cruel and unusual punishment," Louisiana Constitution (1921), Art. I, § 12, the new Louisiana Constitution of 1974 bars "cruel, excessive or unusual punishment" (emphasis added). Louisiana Constitution (1974), Art. I, § 20. The addition of the word "excessive" possibly adds a new dimension to the constitutional prohibition. State v. Whitehurst, 319 So.2d 907 (La.1975). See State v. Bryant (on rehearing), 325 So.2d 255 (La.1976) (concurring opinion by Tate, J.) (decided January 19, 1976); Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L.Rev. 1, 63 (1974); Jenkins, The Declaration of Rights, 21 Loy.L.Rev. 9, 39 (1975). However, in this case we need not directly confront this issue. Under the facts of the instant case and on the record before us, the nine and one-half year sentence imposed clearly was not an excessive penalty for attempted armed robbery.
By assignments of error numbers two and three, defendant argues that his constitutional rights were violated by the refusal of the trial court to make a part of the record the District Attorney's file on the case and the pre-sentence investigation report, which, according to defense counsel, contained different versions of the facts of the case. Article I, § 19 of the Louisiana Constitution provides as follows:
"Section 19. No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law."
The record referred to in Article I, § 19 of the Louisiana Constitution of 1974 is the "complete record of all evidence upon which judgment is based" (emphasis added). This clearly was not intended to include statements by witnesses contained in the district attorney's file, which generally are used by that office to determine whether to charge an accused, and to prepare the prosecution after an individual has been duly charged with an offense. Nor is this constitutional provision intended to reach pre-sentence investigation reports ordered after verdict or guilty plea. A pre-sentence report, which usually contains a great many hearsay statements, is clearly not "evidence upon which judgment is based" but rather is an aid to the trial *678 judge in the exercise of the frequently extensive sentencing discretion given to him by the legislature. See La.C.Cr.P. art. 875, La.R.S. 15:1132.
The trial court did not commit reversible error by refusing to make the district attorney's file and the pre-sentence report a part of the record.
For the reasons assigned, the conviction and sentence of defendant is affirmed.
SANDERS, C. J., concurs.
MARCUS, J., concurs and assigns reasons.
MARCUS, Justice (concurring).
I do not consider that the addition of the word "excessive" in article 1, section 20 of the Louisiana Constitution of 1974 adds a "new dimension" to the prohibition against "cruel and unusual punishment" contained in article 1, section 12 of the Louisiana Constitution of 1921. Accordingly, I respectfully concur.
NOTES
[1] As noted by the trial judge, a person may be convicted of robbery with a dangerous weapon even though the gun used is unloaded and/or unworkable. State v. Elam, 312 So.2d 318 (La.1975); State v. Levi, 259 La. 591, 250 So.2d 751 (1971).