343 So.2d 1011 (1977)
STATE of Louisiana
v.
Robert McMORRIS.
No. 58600.
Supreme Court of Louisiana.
February 28, 1977.
Rehearing Denied April 7, 1977.
*1014 Ford E. Stinson, Benton, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant, Robert McMorris was charged by bill of information with attempted armed robbery, La.R.S. 14:27, 14:64, convicted, and sentenced to serve twelve years at hard labor. On appeal, he urges twenty-six assignments of error, none of which require reversal. We affirm.
On the night of January 29, 1975, Detective Ricky Speir, an undercover narcotics agent for the Bossier City police force, arranged to purchase a bag of marijuana from defendant, intending to arrest him for the sale. Defendant got into the back seat of the unmarked patrol car and instructed Speir to drive to an unlit portion of the street where their activities could not be seen. When Speir had parked the car, defendant reached into his shirt and, pointing an undisclosed object at the officer, announced, "This is a rip-off, give me all your money or I'm going to blow you away." Speir handed defendant his wallet, but while defendant was occupied with searching its contents, Speir dove from the car, drew his revolver and placed defendant under arrest. Defendant hastily confessed that he was armed not with a pistol but with a half-pint liquor bottle which he produced from beneath his clothing. Two other police officers, who had been stationed nearby to observe the drug transaction, drove up immediately and assisted in the arrest.
At trial, defendant testified that he was a police informant, that the police wrongly suspected him of concealing a large sum of money which had disappeared in a case he had worked on, and that they had fabricated the charge against him in an effort to compel him to disclose the whereabouts of the money.
ASSIGNMENTS OF ERROR NOS. 1 AND 4
Prior to the opening statements, the State was permitted, over defense counsel's objection, to amend the bill of information. It had previously charged that "Robert Earl McMorris . . . on or about the 29th day of January . . . 1975 . . . while armed with a dangerous weapon, namely a gun, did attempt to rob Detective Rick Speir." With the court's permission, the word "gun" was deleted and replaced with "bottle." Defense counsel protests that the defect in the unamended indictment was one of substance which could only be corrected before the trial began and that the tardy amendment prejudiced his ability to defend against the charge.
The Louisiana Code of Criminal Procedure provides with respect to amendments in an indictment:
*1015 "Art. 487.
"A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
"Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.
"* * *
"Art. 489.
"If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. * * *"
The particular type of weapon used in an armed robbery is not a necessary averment in the bill of information, La.C. Cr.P. art. 465, and the defect here was not one of substance. See, State v. Green, 160 La. 79, 106 So. 701 (1926). Hence the amendment could be made at any time with leave of court. La.C.Cr.P. art. 487; State v. Sharp, 321 So.2d 331 (La.1975). Defendant has alleged, but has not shown that his defense was prejudiced by the change. His assertion that police had falsely invented the charges against him could not be affected by an amendment of the type of weapon claimed to have been used in the robbery. Moreover, defendant was present at a preliminary hearing held several months prior to trial, where the testimony adduced revealed that a bottle, rather than a gun, was involved in the crime. Under these circumstances, defendant was not entitled to a continuance at the time the amendment was made. State v. Brown, 338 So.2d 686 (La.1976). The assignment is unmeritorious for the further reason that defendant failed to move for a continuance after amendment of the information.
ASSIGNMENTS OF ERROR NOS. 2, 5 AND 6
Defendant complains that he was seriously prejudiced when the prosecutor twice mistakenly alluded to the crime charged as an armed robbery without qualifying that it was an "attempt."
The first such error occurred in a discussion between counsel and the court, during which the jury had been removed from the courtroom and clearly could not be influenced by the prosecutor's remark.
Next, in the assistant district attorney's opening statement, he advised the jury that defendant was "charged with robbing Detective Ricky Speir . . ." Upon defense counsel's objection and the court's rebuke, the assistant district attorney admitted that he was in error and that defendant was merely charged with an attempt. Defense counsel's motion for a mistrial was properly overruled; the error was rectified by the prosecutor's retraction and correction of his prior misstatement.
These assignments are without merit.
ASSIGNMENT OF ERROR NO. 3
By this assignment, defendant argues that he was not given timely notice of the State's intention to introduce an inculpatory statement. The record reflects that defense counsel was served with notice prior to the State's opening argument to the jury, as required by La.C.Cr.P. art. 768. State v. Hatter, 338 So.2d 100 (La.1976).
This assignment lacks merit.
*1016 ASSIGNMENT OF ERROR NO. 7
Defendant contends that the State made a prejudicial reference to defendant's race in violation of La.C.Cr.P. art. 770.
On direct examination Detective Speir was asked whether he could identify his assailant in the courtroom. The witness pointed to defendant whereupon defense counsel commented, "I'd like for the record to show that there is no other black person in the courtroom." This observation, repeated on several occasions by defense counsel in an apparent attempt to lessen the effectiveness of the in-court identifications, was neither disparaging, objectionable, nor objected to by defense counsel. The State did not join in defense counsel's remarks, and defendant may not complain on appeal of the actions of his trial counsel. Cf. State v. Marcell, 320 So.2d 195 (La. 1975). Additionally, references to race which do not appeal to prejudice are permissible in the context of identification testimony. State v. Jenkins, 340 So.2d 157, 178 (La.1976).
This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 8 AND 10
Defendant argues that the court erred in admitting into evidence the bottle with which defendant was armed during the perpetration of the robbery and which was recovered at the scene of the crime.
If the custodial evidence establishes that an object is more likely than not connected with the case, it is properly admitted. State v. Dotson, 260 La. 471, 256 So.2d 594, 608-609 (1972). Detective Speir testified that defendant placed the bottle on the seat of the patrol car after his arrest, that he (Speir) retrieved the bottle, kept it in his possession overnight, and turned it over to Sergeant Bridges, an identification officer, on the following morning. Bridges stated that after he received the bottle from Speir, he tested it for fingerprints, finding one of defendant's prints on it, and placed it in an envelope inside a locked drawer where it remained until the morning of trial when he delivered it to the district attorney's office. Thus, the bottle was sufficiently identified by chain of custody to be admitted at trial. The fact that Speir could not make a positive visual identification of the bottle goes to the weight of the evidence, rather than to its admissibility. State v. Dotson, supra.
ASSIGNMENT OF ERROR NO. 9
On cross-examination, defense counsel asked Detective Speir whether he considered a bottle a dangerous weapon. Speir responded, "Not whenever I can see it, no sir I don't, but whenever I can't, I don't know." On redirect examination, the State inquired of Speir why he did not consider a bottle a dangerous weapon. Defense counsel's objection to the question was overruled and Speir repeated his testimony that had he known defendant's weapon was a bottle, he would not have been frightened by it. Defense counsel objected on the grounds of relevancy when Speir went on to testify under what circumstances even a visible bottle might be dangerous, for instance, if it were used as a club.
Once the defense had requested Speir's opinion as to the dangerousness of a bottle, the State was authorized on redirect examination to pursue this line of inquiry. Further, the witness' testimony that a bottle might be used to strike as well as to deceive was relevant to the jury's consideration of the dangerous nature of the weapon. In considering the dangerousness of an instrument wielded in the perpetration of a robbery, this court has considered as a factor "the continuous threat and capability .. . that it will be used as a bludgeon." State v. Levi, 259 La. 591, 250 So.2d 751, 754 (1971) (involving an unloaded and unworkable pistol). See also, State v. Leak, 306 So.2d 737 (La.1975) (involving an extension to a ratchet coupled with a socket, disguised as a pistol).
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 11
After being qualified as an expert witness in fingerprint identification, Sergeant Bridges stated that he had found the *1017 imprint of defendant's left middle finger on the bottle which the State sought to establish as the robbery weapon. The prosecutor asked, ". . . the fact that you only found a left middle fingerprint on this bottle, does that mean that this particular individual has never handled this bottle with his right hand?" Defense counsel objected that this was a leading question and claims that the court erred in overruling his objection. Because the question admits to a yes or no response, and does not suggest which answer is correct, it is not leading. La.R.S. 15:277. However, defendant further urges on appeal that the witness was not qualified to answer it. As noted above, the witness had been accepted as an expert in fingerprint identification, and it was within the realm of his expertise to state that someone might handle an object without leaving an identifiable print.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 12
The State introduced into evidence, without protest by defense counsel, the fingerprint cards from which Sergeant Bridges had made his identification of defendant's prints raised from the bottle. However, defense counsel claimed this evidence could not be exhibited to the jury unless it was also provided with a magnifying glass to make its examination of the prints meaningful. The court refused this request and defendant cites his ruling as error.
The State aptly argued that the jurors were not being required to make an identification of the fingerprints, which they would not be qualified to make as experts even with a magnifying glass; the State simply wished the jury to view the exhibits. The court properly ruled that for this limited purpose, no magnifying glass was needed.
This assignment is without merit.
ASSIGNMENTS OF ERROR NOS. 13, 15, 16, 17, 18 AND 19
Defendant asserted that prior to his arrest he had been a police informant and had worked for and with several of the State's police witnesses, which each of them categorically denied. To corroborate his testimony defendant attempted to subpoena the Bossier City Police Department's entire list of confidential narcotics informants, which he claimed would include his name, and to otherwise discover the names of confidential informants. After hearing testimony by the Chief of Police that the information sought could destroy the effectiveness of the city's undercover agents and additionally endanger their lives, the court refused to compel disclosure of the informants' identities.
We have stated in the past that a confidential informant's identity will be revealed only when the defendant shows exceptional circumstances justifying the disclosure, and much discretion is vested in the trial court in determining whether a defendant has carried his burden of proof. State v. Russell, 334 So.2d 398, 401 (La.1976). Defendant here sought the identity not only of individual informants but also of Bossier City's entire arsenal of undercover agents, a drastic request which the trial judge would not grant to satisfy what he termed defendant's "vivid imagination." We find no abuse of discretion in the court's ruling.
These assignments are without merit.
ASSIGNMENT OF ERROR NO. 14
When the assistant district attorney attempted to elicit the Bossier City Police Chief's objections to the disclosure of the list of confidential informants, defense counsel vainly objected that the prosecutor was also the witness' attorney and therefore could not pose leading questions to him. The question was not leading, it was a proper inquiry by the district attorney acting as district attorney, and any other relationship between witness and prosecutor was irrelevant to this examination.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 20
Defendant argues that the court improperly recalled a State witness to clarify *1018 his prior testimony instead of consulting the record of his previous statements; the witness, defense counsel claims, was thereby permitted to alter his testimony. Defense counsel did not object to the recall of the witness, and therefore the issue is not properly presented for this court's review. La.C.Cr.P. art. 841.
Additionally we note that the witness was recalled for the trial court's benefit in making a ruling out of the presence of the jury. His testimony on recall was substantially identical to his prior testimony, as defense counsel appeared to acknowledge at the time.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 21
Defense counsel urges that the trial court erred in admitting hearsay evidence into the record.
The testimony complained of is a witness' recital of statements which he himself made to another. The witness was testifying as to facts within his knowledge, and not as to facts related to him. His testimony was not hearsay. La.R.S. 15:463.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 22
Defendant testified at trial that some time prior to his arrest he was riding in Detective Speir's patrol car (not an uncommon practice, according to defendant) when they became involved in the hot pursuit of two narcotics suspects, that one of the men being followed threw a suitcase out of the window of his car and Speir let defendant out to retrieve it while he continued the chase, and that when defendant opened the suitcase he found a large quantity of cash, which he buried in the Moss Tie Yard. He suggested that it was the police's interest in recovering the money which prompted them to invent the armed robbery charges for which he was being tried. He stated that after had had been imprisoned he contacted Deputy Allen of the Bossier Parish Sheriff's Office and offered to show him where the money had been buried, but that when they went to search for it, it was inexplicably missing.
On rebuttal, the State called Deputy Cook, who had participated in the conversation between defendant and Deputy Allen regarding the buried money. However, when Cook attempted to relate the content of the conversation with defendant, substantially corroborating defendant's account of the same event, defense counsel objected that Cook could not repeat defendant's statements unless it was first established that defendant had been advised of his rights before making them. Had Cook's account of defendant's statements been at variance with or otherwise incriminating than defendant's own testimony, perhaps this assignment would have merit. However, since it merely corroborated defendant's testimony, the judge's error, if any, in failing to ascertain the voluntariness of defendant's statements to Cook, was harmless.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 23
Deputy Cook testified that defendant had been advised of his rights before they embarked on the search of the tie yard for the money. Defense counsel objected to the witness' testifying as to statements made by defendant on the return trip from the tie yard unless it could be shown that defendant had again been advised of his rights. In view of the short period of time which had elapsed since defendant had received his warnings, no repetition of them was required here, and the trial court properly overruled the objection.
ASSIGNMENT OF ERROR NO. 24
Defense counsel objected, and was overruled, when a State witness testified on rebuttal that defendant had been booked under an assumed name, a subject which defense counsel asserted was beyond the scope of proper rebuttal since the defense had not put the matter in issue. The State pointed out that this evidence was being offered in rebuttal of defendant's testimony *1019 that his arresting officers were well acquainted with him.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 25
During the cross-examination of a police officer relative to his refusal to disclose the names of confidential informants, defense counsel learned that the officer had revealed his informants' identities in the past in cases where they were arrested and he was called upon to testify against them. Counsel then questioned the witness at length whether his disclosure of the informants' identities prior to their convictions indicated a belief that the men were guilty because of the fact of their arrests. The prosecutor objected that this line of inquiry was irrelevant and the court sustained the objection. The trial judge is vested with broad discretion in determining the relevancy of evidence, La.R.S. 15:435, 15:441; State v. Nero, 319 So.2d 303 (La. 1975), and we find no abuse of that discretion here.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 26
Defendant complains of an alleged misstatement of fact in the State's closing argument, but our review of the testimony reveals the statement was entirely accurate.
This assignment is without merit.
For the reasons assigned, defendant's conviction and sentence are affirmed.
DIXON, J., concurs with reasons.
DIXON, Justice (concurring).
I respectfully concur, but cannot agree with the majority's treatment of Assignment of Error No. 9. R.S. 14:2(3) defines "dangerous weapon" as follows:
"(3) `Dangerous weapon' includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." (Emphasis added).
In addition, the interpretation of the articles in the Criminal Code are governed by R.S. 14:3 which provides:
"The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision."
Therefore, in assessing whether or not the bottle used here was a "dangerous weapon," (in order to support the verdict of guilty of attempted armed robbery, R.S. 14:27, 14:34) we must determine whether the bottle, "in the manner used, was calculated or likely to produce death or great bodily harm." R.S. 14:2(3). A review of the record reveals that the State offered no evidence whatsoever that the bottle in this case was calculated or likely to produce great bodily harm.
The bottle was kept in the defendant's pocket, presumably to give the appearance that he was concealing a gun, but no evidence was offered to show that the bottle was used or intended to be used to do anything else but create that illusion. In State v. Elam, 312 So.2d 318 (La.1975), although this court did find that there was "some evidence" that the defendant was armed with a dangerous weapon (although no weapon was in fact found), the court made the following observation:
"This holding does not make any extension of Levi (State v. Levi, 259 La. 591, 250 So.2d 751 (1971)) nor do we hold that a `hand in a pocket' is a dangerous weapon." 312 So.2d at 322.
The fact that the bottle was concealed in the defendant's pocket, as here, presents the same situation as the "hand in the pocket" unless other evidence is presented that the bottle was a dangerous weapon.
However, in the procedural posture of this case, the defendant is not entitled to a new trial. During examination of the victim, Detective Speir, defense counsel objected when the prosecutor attempted to have the witness testify as to whether he *1020 had ever seen anyone in a barroom or other establishment injured by a bottle. Defense counsel's objection was that the question was overly broad as the type of bottle, persons involved and the situation were not adequately described. The defendant also included the following paragraph in his motion for a new trial:
"Commencing on Page 54, the witness was questioned as to whether or not they had ever seen anyone in a bar hurt with a bottle and it was not limited to the type of bottle that was involved in this suit and it was objected to by the defense and such was prejudicial and should not have been allowed."
The State was entitled to attempt to present evidence tending to show that the bottle in use here was a dangerous weapon. When no such showing was made, the proper procedure would have been for the defendant to base his motion for a new trial on the ground that there was no evidence at all of some essential element of the crime. C.Cr.P. 851, 858; see e. g., State v. Brown, 337 So.2d 484 (La.1976); State v. Butler, 331 So.2d 425 (La.1976); State v. Williams, 310 So.2d 513 (La.1975). the allegation that there was no evidence at all of an essential element of the crime presents a question of law which is reviewable by this court. C.Cr.P. 858. In the case before us the defendant made no such allegation in his motion for a new trial. Therefore, the question of whether or not there was a total lack of evidence of an essential element of the crime is not before us on appeal.
Accordingly, I concur in the affirmance of the defendant's conviction and sentence.