CALOGERO, Justice.
Defendants, Irving Scott, Milton Reed, Jr. and Robert Desdunes, Jr. were charged by bill of information with armed robbery in violation of R.S. 14:64. Following a trial by jury defendants were found guilty. Defendants Reed and Desdunes were each,sentenced to thirty (30) years at hard labor while defendant Scott, found to be a multiple offender, was sentenced to forty (40) years also at hard labor. On appeal defendants rely upon six (6) assignments of error, consolidated into four arguments, for a reversal of their convictions.[1] We have reviewed each of the assignments and finding merit in none of them we affirm defendants’ convictions and sentences.
ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3
By these assignments defendants contend that the trial court erred in finding the state’s answers to defendants’ bill of particulars good and sufficient. More particularly, defendants contend that the state should have been required to provide in its answer to the bill of particulars: (1) whether defendants were arrested separately or together; (2) whether force was used by any of defendants which resulted in injury to the alleged victim; and (3) whether any of the defendants attempted to flee during the “res gestae of the offense.”
Article 1 Section 13 of the Louisiana Constitution of 1974 requires that “[i]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him.” One of the methods through which this is accomplished is the bill of particulars. In addition to informing an accused of the charges against him the bill of particulars also aids a defendant in preparing a proper defense and in forming the basis for a plea of double jeopardy in any subsequent prosecution. State v. Miller, 319 So.2d 339 (La.1975).
However, it is well settled by numerous decisions from this Court that a bill of particulars can not be used to discover the state’s evidence or the details of the state’s case. State v. Meunier, 354 So.2d 535 (La.1978); State v. Gray, 351 So.2d 448 (La.1977).
*1273 The information sought by defendants in the present case was not necessary to inform defendants of the charges against them, to aid in a proper defense, or to preserve any future pleas of double jeopardy. Defendants’ requests were directed at discovering details of the state’s case. The trial judge therefore correctly ruled that defendants were not entitled to such information.
These assignments lack merit.
ASSIGNMENT OF ERROR NO. 4
Defendants contend in this assignment that the trial court erred in admitting into evidence testimony by one of the arresting police officers which defendants contend constituted inadmissible hearsay evidence. After reviewing the testimony of the officer we find no merit to this contention. The testimony was related to investigation procedures and did not constitute hearsay testimony. State v. Murphy, 309 So.2d 134 (La.1975). Furthermore, even if we were to find the testimony inferentially hearsay we would not find its admission reversible error. C.Cr.Pro. art. 921.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 5
In defendants’ fifth assignment of error they allege that the trial court erred in allowing a police officer to testify to defendants’ out-of-court identification before the identification had been testified to by the person who made that identification, 1. e. the victim. Defendants contend that the testimony by the officer was hearsay and thereby inadmissible.
Even if we were to agree with defendants’ contention that the particular testimony was hearsay we would still not find reversible error in its admission. In State v. Ford, 336 So.2d 817 (La.1976) this Court was presented with this precise legal issue. In that case we determine that the testimony was merely cumulative and corroborative of the testimony of the witness himself. As the victim in the present case did later testify to his out-of-court identification of defendants we find no reversible error in this assignment. State v. Ford, supra.
ASSIGNMENT OF ERROR NO. 7
In defendants’ final assignment they urge that the trial court erred in denying their motion for a new trial. The basis for defendants’ motion was the state’s failure to prove[2] an essential element of the crime, i. e. use of a dangerous weapon.
Defendants contend that the instrument used by the perpetrators was a toy pistol and that a toy pistol is not a dangerous weapon. There is no case in our jurisprudence precisely on point.[3]
In the case at bar the victim testified that the robbers used a “small caliber” gun and that it placed him in fear of his life. There was thus some evidence of a dangerous weapon irrespective of the fact that the arresting police officers attempted to connect defendants with a toy pistol and irrespective of whether that particular instrument was or was not a dangerous weapon. Thus, defendants’ motion for a new trial based upon a contention of no evidence of an essential element of the crime of armed robbery is without merit. For a similar treatment of this issue see State v. Elam, 312 So.2d 318 (La.1975).

Decree

For the foregoing reasons we hereby affirm defendants’ convictions and sentences.
AFFIRMED.

. Defendants’ assignment of error number six has been specifically abandoned.

. Defendants did urge other grounds in support of their motion for a new trial. However, since they are essentially the same errors discussed in previous assignments they will not be discussed again here.

. But see State v. McClinton, 329 So.2d 676 (La.1976); State v. Sonnier, 317 So.2d 190 (La.1975); State v. Elam, 312 So.2d 318 (La.1975); State v. Forbes, 310 So.2d 569 (La.1975); State v. Leak, 306 So.2d 737 (La.1975); State v. Levi, 259 La. 591, 250 So.2d 751 (1971); State v. Johnston, 207 La. 161, 20 So.2d 741 (1944).