409 So.2d 563 (1982)
STATE of Louisiana
v.
Steve GREEN.
No. 81-KA-1456.
Supreme Court of Louisiana.
January 25, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, David Plavnicky, Michael Campbell, Asst. Dist. Attys., for plaintiff-appellee.
Syed Izfar, William O'Hare, Morris Borenstein, John Standridge, of Loyola Law School Clinic, New Orleans, for defendant-appellant.
JASPER E. JONES,[*] Justice Ad Hoc.
Steve Green was charged by a bill of information with armed robbery of George *564 Dwelle on January 23, 1980, in violation of LSA-R.S. 14:64. He was tried by a jury of twelve on May 8, 1980 and found guilty as charged. The trial judge sentenced Green to forty years at hard labor without benefit of parole, probation or suspension of sentence.
About noon on January 23, 1980, the defendant walked into the Commonwealth Savings and Loan Association at 140 Carondelet Street in the City of New Orleans, and approached a counter where George Dwelle, a vice president of the association, was working. The defendant opened a black satchel, drew a pistol, advised Dwelle that it was a robbery and demanded "all the money." Dwelle told the defendant he could not get into the cash drawers, whereupon the defendant pointed the gun at Dwelle and told him "either get into the cash drawers or you're dead right here. I'll shoot you." Though it was later established that the pistol which defendant pointed at Dwelle was a toy cap pistol, Dwelle believed it to be a real gun and was very frightened by the gun and immediately commenced delivering to the defendant approximately twenty-three hundred dollars from the cash drawers of the Commonwealth.
As the robbery was in progress Morris H. Levy, a director of Commonwealth, came into the area where the robbery was taking place and observed several frightened female employees of Commonwealth and saw the defendant with the gun taking the money from Dwelle. Levy demanded that defendant get out of Commonwealth and the defendant then pointed the barrel of the pistol in the direction of Levy and went out of Commonwealth onto Carondelet Street taking the black bag with the money in it and his pistol. Levy chased the defendant across several parking lots and down several streets in the area. During the chase the defendant pointed the gun at Levy several times, and each time Levy, who believed the gun was real, would duck behind a parked car or a building in order to protect himself from the danger of being shot. When the defendant turned one street corner, Levy hesitated to immediately pursue him because of fear of being shot, and temporarily lost sight of the defendant; however, in a very few minutes he met the defendant walking down the sidewalk directly toward him. Levy then grabbed the defendant, who at this time did not have the pistol in his hand, and a very short time later police officers who had been alerted of the robbery and of Levy's pursuit of the defendant arrived at the scene and removed the toy cap pistol from the defendant and seized the black bag containing the money which defendant had taken from Dwelle at the Commonwealth.
On appeal the defendant relies upon three assignments of error for reversal of his conviction and sentence.
ASSIGNMENT OF ERROR NO. 1
The defendant argues his motion for a new trial should have been granted under the provisions of LSA-C.Cr.P. art. 851[1] because the verdict is contrary to the law and the evidence for the reason that the state failed to prove he was armed with a dangerous weapon when he took the money from Dwelle, which is an essential element of the crime of armed robbery.
LSA-R.S. 14:64 provides:
A. Armed Robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor *565 for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.
The defendant's argument is that the toy cap pistol was not an inherently dangerous weapon and that the manner in which he used it could harm no one.
LSA-R.S. 14:2(3) defines dangerous weapons to include:
"... includes any gas, liquid, or other substance or instrumentality, which in the manner used, is calculated or likely to produce death or great bodily harm."
The defendant relies upon Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which sets forth the test by which the evidence must be viewed to determine if it will support a conviction as follows:
"Instead the relevent question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 2789.
The defendant contends because the cap pistol could not shoot anyone and because he never threatened to strike Dwelle or any other employee of Commonwealth with it, that the jury could not within the Jackson v. Virginia test have found that the essential element of the crime "armed with a dangerous weapon" to have been established beyond a reasonable doubt.
The use of an inherently harmless object in a manner that creates circumstances likely to produce death or great bodily harm results in the inherently harmless object being a dangerous weapon within the provisions of LSA-R.S. 14:2(3) and 14:64. State v. Levi, 259 La. 591, 250 So.2d 751 (1971); State v. Gould, 395 So.2d 647 (La.1980); State v. Byrd, 385 So.2d 248 (La.1980).
The defendant's contention is without merit because the manner in which he used the toy pistol was "calculated or likely to produce death or great bodily harm" even though the defendant made no attempt to strike anyone with the toy pistol. Dwelle, Levy and several female employees of Commonwealth all believed that the toy gun was real and all were placed in fear of bodily harm by the defendant's display of the weapon in the course of the robbery. Under these circumstances any witness to the robbery upon observing the life threatening situation could have attempted by the use of gun or other weapon to disarm the defendant and during such an altercation death or great bodily harm is likely to occur to the victim, to a witness, or to the defendant. The manner in which the defendant used the toy pistol and the effect this use had upon the employees of Commonwealth provided sufficient evidence within the Jackson v. Virginia rule for a jury to find the toy pistol to be a dangerous weapon within the provisions of LSA-R.S. 14:2(3) and 14:64.
For the reasons stated the trial judge committed no error when he denied defendant's motion for a new trial.
ASSIGNMENT OF ERROR NO. 2
The defendant contends the trial judge erred when he refused to order a mistrial when a police officer testifying for the state referred to another crime which the defendant had committed, the evidence of which was inadmissible.
The following is a quotation from the transcript of the officer's testimony relied upon by the defendant.
"By the State
On that date and around that time, did you have occasion to investigate a robbery that occurred downtown?
Officer's response
I did.
By the State
Did you handle any evidence in that?
Officer's response
Yes, I handled the currency that was recovered in the bank robbery, and also the Homestead robbery."
The defendant contends that this evidence mandates a mistrial under the provisions *566 of LSA-C.Cr.P. art. 770,[2] which requires the trial judge to order a mistrial when the judge, the district attorney, or a court official during a trial refers directly or indirectly to "another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible."
In State v. Harris, 383 So.2d 1 (La.1980), this court pointed out that under our cases ordinarily a police officer is not classified as a court official under the provisions of LSA-C.Cr.P. art. 770:
"This Court has generally recognized that a police officer's unsolicited, unresponsive reference to another crime by the defendant is not the comment of a court official under Article 770. Absent a showing of a pattern of unresponsive answers or improper intent by the police officer or prosecutor such comments would not fall within the purview of Article 770. State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Hammontree, 363 So.2d 1364 (La. 1978); State v. Martin, 376 So.2d 300 (La.1979)." Id. at 9.
There was no improper conduct by the prosecutor in this case and the response by the officer here shows no bad faith on his part and for these reasons no interpretation of the officer's testimony could justify it being considered as covered by C.Cr.P. Art. 770.
It is significant that the transcript of the trial reflects the use of the term "bank" when referring to Commonwealth on numerous occasions and for this reason the trial judge concluded the officer's answer to the question wherein he referred to bank robbery did not have a connotation to the jury that the defendant had committed a crime in addition to his robbery of Commonwealth, and for that reason the complained of testimony did not prejudice the defendant.
While we find no error in the trial judge's evaluation of the testimony, we further note that a review of the complained of testimony clearly establishes that it neither directly nor indirectly connects the defendant to a bank robbery, and for that reason cannot be construed as a referral to "another crime committed or alleged to have been committed by the defendant."
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
The defendant complains that his sentence of forty years for armed robbery committed with a toy pistol is excessive because it could not be properly categorized as having been committed with a dangerous weapon. He argues that his offense is more nearly comparable with the crime of simple robbery for which the maximum sentence is seven years. This argument is without merit for the reason that the manner in which this defendant used the toy pistol created a situation calculated to cause death or bodily harm and for this reason defendant's crime is not comparable to simple robbery which is defined by LSA-R.S. 14:65[3] as theft by force or intimidation when not armed with a dangerous weapon.
The defendant further contends that the sentence should be vacated because the trial judge did not follow the sentencing guidelines as required by LSA-C.Cr.P. art. 894.1.[4] *567 The defendant contends that the cases of State v. Wright, 384 So.2d 399 (La.1980); and State v. Gist, 369 So.3d 1339 (La.1979), mandate that his sentence be vacated.
The defendant contends the sentence imposed upon him of forty years without the benefit of parole, probation or suspension of sentence is excessive and prohibited by La. Const. Art. 1, § 20 (1974), and should be vacated for this reason under the decision of State v. Sepulvado, 367 So.2d 762 (La. 1979).
At the time of sentence the trial judge made only the following comments:
"BY THE COURT:
All right, Mr. Gallagher, I have to agree with you with regard to Mr. Green, that is, that the weapon that was used in this matter was a cap pistol incapable of shooting someone; however, to the contrary, Mr. Green has previously been convicted of an armed robbery in Georgia, and as such would be multiple billable by the state. Considering those facts, and considering the fact, in mitigation, and for the other reasons set forth in Article 895.1, and having previously convicted of armed robbery, and that any lesser sentence would derogate (sic) from the seriousness of the offense, it is the sentence of this Court that you serve forty years in the custody of the director of the Department of Corrections. I will grant him credit for time served from the date of his arrest, January 23."
In the recent cases of State v. Williams, 397 So.2d 1287 (La.1981) and State v. Martin, 400 So.2d 1063 (La.1981), this court stated that where the sentencing requirements of LSA-C.Cr.P. art. 894.1 and State v. Sepulvado, supra, have not been fully complied with by the trial judge that the sentence need not be vacated if the reasons for the sentence given by the trial judge supplemented by evidence found elsewhere in the records "clearly illumines the sentencing choice" and reflects upon appellate review that the sentence given is not excessive.
The evidence at trial established that the defendant placed Dwelle in grave fear for his life by pointing the pistol at him and by telling him that he would shoot him dead if he didn't give him the money. The trial transcript further establishes that once the defendant obtained the money that on several occasions in an effort to retain it, he placed Levy in fear of his life by pointing the gun at him in an effort to stop Levy from pursuing him.
At a hearing to suppress an inculpatory statement held by the sentencing judge before the trial, a transcript of which is in the record, it was established that at the time of his arrest the defendant made to one of the arresting officers the following voluntary statement:

*568 "He told me that he was recently paroled from Federal Prison for bank robbery in North Carolina and he wanted to see New Orleans and so he took a Greyhound bus to the city. He said he spent all his money and so he decided to rob banks and that he was lucky we caught him because he had robbed one bank that morning and we were lucky that we caught him on this one because he was going to rob three more."
The trial judge from this statement was advised that the defendant had committed two felonies prior to the armed robbery of Commonwealth and that the defendant contemplated robbing three more banks.
The defendant's sentence of forty years is substantially less than one-half of the maximum sentence of ninety-nine years provided for armed robbery. Our review of this sentence based upon the comments of the judge at the time of its imposition as illumined by the factors from the record referred to above establishes that the sentence is neither arbitrary nor excessive.
The conviction and sentence are AFFIRMED.
LEMMON, Justice, concurring.
As this case demonstrates, the decision in State v. Byrd, above, was not intended to take every "toy pistol" case out of the category of armed robbery. The jury determined that the toy pistol in this case, although not inherently dangerous, was used in a manner which was likely to produce death or great bodily harm because of the highly charged atmosphere created by its use to intimidate the employees of the homestead. That finding is reasonably supported by the evidence. The fact that defendant employed a toy pistol (rather than one actually capable of firing) is therefore only a sentencing consideration in this case and does not necessarily defeat the state's proof of an element of the offense of armed robbery.[1]
NOTES
[*] The Honorables Pike Hall, Jr., Charles A. Marvin, Jr. and Jasper E. Jones, Judges of the Court of Appeal, Second Circuit, participated in this decision as Associate Justices ad hoc, joined by Associate Justices John A. Dixon, Jr., Chief, Walter F. Marcus, Jr., Fred A. Blanche, Jr. and Harry T. Lemmon.
[1] LSA-C.Cr.P. art. 851"The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.

The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence; ...."
[2] C.Cr.P. art. 770"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:

. . . . .
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; ....."
[3] R.S. 14:65: Simple robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.

Whoever commits the crime of simple robbery shall be fined not more than three thousand dollars, imprisoned with or without hard labor for not more than seven years, or both.
[4] C.Cr.P. art. 894.1A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:

(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
[1] The apparently severe sentence in this case was justified because of defendant's criminal history and inclination to commit armed robberies.