450 So.2d 714 (1984)
STATE of Louisiana
v.
Rodney SMITH and Haley Smith.
No. KA-0780.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
*715 Calvin Johnson, New Orleans, for defendant-appellant, Rodney Smith.
Dwight Doskey, Clyde D. Merritt, Orleans Indigent Defender Program, New Orleans, for defendant-appellant, Haley Smith.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for plaintiff-appellee, State of La.
Before SCHOTT, WARD and BYRNES, JJ.
WARD, Judge.
The State filed a bill of information charging two brothers, Rodney and Haley Smith, with armed robbery. They waived trial by jury and were tried together by Judge Miriam Waltzer of the Orleans Parish Criminal District Court. Judge Waltzer found both guilty of armed robbery. Rodney and Haley Smith have appealed. Rodney Smith contends that the evidence was insufficient to support his conviction for armed robbery. Additionally, both Rodney and Haley Smith ask that we review the record for errors patent.
The trial record shows that at 7:15 on the evening of March 4, 1982, the Smith brothers entered the Athletic Shoes store at 3713 General DeGaulle Drive in Algiers where two employees were on duty in the store, Mindy Crawford and David Berry. Ms. Crawford waited on Haley while Mr. Berry waited on Rodney. Both brothers tried on shoes at the back of the store. When Haley could not be fitted, he and Ms. Crawford walked to the front of the store to call another store, trying to find the shoes Haley wanted. While Ms. Crawford was on the telephone behind the counter, Haley motioned with his hand inside his jacket, pointed his hand at her and demanded she give him all of the money out of the cash drawer. When she did not respond, Haley reached across the counter and removed the ten and twenty dollar bills from the cash drawer which was under the counter top. When Rodney came to the front of the store, Haley told him to step behind the counter and get the rest of the money. Rodney went behind the counter, and picked up the money from the floor, and a hammer from a shelf under the counter. He then shook it at the clerks, telling them not to move. He put the hammer down, picked up a calculator and a box of shoes, and both fled.
The clerks gave investigating police officers descriptions of the two robbers and the truck they drove. Later that evening, patrolling New Orleans police officers spotted them in the truck and followed to the residence of Haley Smith. There, they arrested Rodney Smith, but Haley fled, eluding the officers. The stolen property was found on Rodney's person and in the truck. A warrant was issued for Haley's arrest and he was arrested twelve days later.
In our review for errors patent, we note the minute entry of November 10, 1982, reads that the Court sentenced each defendant to serve five years imprisonment "without benefit of pardon, parole or suspension of sentence ..." while La.R.S. 14:64 provides for a sentence "without benefit of parole, probation or suspension of sentence." We are confident this is merely a typographical error, but the minute entry should be corrected.
We have also reviewed the record for sufficiency of the evidence to see if each element of the crime was proven, using the standards of Jackson v. Virginia, which requires a review of the record to determine if a reasonable trier of fact, after considering the evidence in the light most favorable to the State, could conclude each element of the crime had been proven *716 beyond a reasonable doubt. Thus, to support convictions for armed robbery, the State must prove that each defendant (1) committed a theft, (2) of anything of value, belonging to another, (3) from the person or immediate control of another, (4) by the use of force or intimidation, (5) while the perpetrator is armed with a dangerous weapon. La.R.S. 14:64. A "dangerous weapon" is defined by La.R.S. 14:2(3) as "any ... instrumentality, which in the manner used, is calculated or likely to produce death or great bodily harm."
Of course the State may prove the guilt of one by showing he acted as a principal to the crime, by aiding, abetting, counseling or procuring another to commit the crime of armed robbery. La.R.S. 14:24.
The defendants admit stealing money, shoes, and a calculator, and they admit intimidating the clerks to facilitate the theftfacts sufficient to establish a simple robbery. However, each denies that the force or intimidation was accomplished by the use of a dangerous weapon.
As to Rodney Smith, we hold the proof of the elements of armed robbery meets Jackson standards, and we affirm. As to Haley Smith, we believe it does not, and therefore we reverse his conviction for armed robbery. However, since there is no question but that he committed simple robbery, we remand for the Trial Court to enter judgment of guilty of the crime of simple robbery, and for re-sentencing after the conviction has been made the judgment of the Trial Court.
We hold the proof of Rodney's guilt is sufficient to support a conviction for armed robbery. When Rodney went behind the counter, picked up the hammer, shook it, and threatened the store clerks while picking up money from the floor, he had armed himself with a dangerous weapon while committing the theft. The hammer, in the manner used, can readily be described as an instrumentality calculated or likely to produce great bodily harm. Thus, all the elements of armed robbery were proven. We believe this is consistent with the Legislative intentto deter robbery with weapons which create a danger of serious physical harm. When Rodney threatened the clerks with it, he created a "highly charged atmosphere" conducive to violence, one that would create a danger of serious physical harm. State v. Levi, 259 La. 591, 250 So.2d 751 (1971). Thus, a rational trier of fact, considering the evidence in the light most favorable to the State, could find that Rodney's use of the hammer was the use of a dangerous weapon, creating a likelihood that someone would be injured, bringing the crime within the definition of La.R.S. 14:64.
We have a different situation as to Haley Smith. Although Haley made a motion with his hand inside his jacket while directing Ms. Crawford to give him the money, Haley did not refer to a weapon. While it is true Ms. Crawford believed he had a gun, and while this will suffice as "force or intimidation" to support a conviction of simple robbery, a hand in the pocket is not, of itself, a dangerous weapon.[1]State v. Elam, 312 So.2d 318 (La.1975); State v. Gould, 395 So.2d 647 (La.1980), and it will not support a conviction of armed robbery. Thus, Haley could not be convicted of armed robbery solely on the basis of his hand motion under the jacket.
We now consider whether Haley is guilty of armed robbery by acting as a principal. The Louisiana statutory law of principals provides:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
La.R.S. 14:24.
These facts show that he was not. The hammer wielded by Rodney was a tool belonging *717 to the store, kept on an open shelf below the cash drawer. The shelf was not visible from the customer's side of the counter where Haley stood during the robbery. There was no evidence that either of the defendants knew of the hammer's existence until Rodney spotted it and decided to use it. The clerks testified that Haley exorted Rodney only to be sure and get all the money, but that Haley did not mention the hammer, either before Rodney picked it up or while he was using it to threaten the clerks.
We find that Haley Smith neither aided or abetted nor counseled or procured Rodney's commission of robbery with a dangerous weapon. He committed a simple robbery and he aided and abetted his brother's commission of simple robbery, but the evidence is insufficient to support the conviction of Haley Smith as principal to armed robbery. And while it is true that Haley continued with the robbery after Rodney threatened the clerks with the hammer, and that he and Rodney both fled with the stolen merchandise, we do not believe these facts are sufficient to conclude that he aided, abetted or counseled Rodney to commit an armed robbery.
All principals to a crime are not necessarily guilty of the same grade of the offense. A principal may be convicted of a higher or lower degree of the crime, depending upon the mental element proved at trial. State v. Holmes, 388 So.2d 722 (La. 1980). Hence, we find evidence to convict Haley Smith not of armed robbery, but of the lesser included offense of simple robbery.
We affirm the conviction and sentence of Rodney Smith for armed robbery. We reverse the conviction of Haley Smith and find him guilty of simple robbery in violation of La.R.S. 14:65 and remand his case for sentencing.
AFFIRMED IN PART.
REVERSED AND REMANDED IN PART.
SCHOTT, J., dissents with reasons.
SCHOTT, Judge, dissenting in part:
I respectfully dissent from that part of the majority opinion which reverses Haley Smith's conviction of armed robbery because he was proved beyond a reasonable doubt to be a principal in Rodney's crime pursuant to R.S. 14:24. This provides:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
When Rodney threatened the clerks with the hammer Haley was standing but a few feet away. Saying nothing to dissuade Rodney as he made the threat and then continued to pick up the money, Haley's presence constituted an indirect counseling or procurement of the commission of Rodney's crime. Furthermore, after Rodney made the threat, according to Ms. Crawford, Haley "kept telling him (Rodney) to look under the drawer and make sure he got everything." (Transcript page 27). And after Rodney put down the hammer Haley told him to go back for the shoes Haley had tried on. At this point the clerks were still under Rodney's threat to use the hammer on them even though he had put it down. Thus, Haley not only indirectly counseled and procured Rodney's crime by silently lending his moral support but also directly procured the crime by words of encouragement.
I would affirm both convictions and sentence and remand the case to the trial court for the sole purpose of requiring the minute clerk to correct the sentence.
NOTES
[1] La.R.S. 14:64.1 (added by Acts 1983, No. 533, Sec. 1), not applicable here, creates the crime of first degree robbery "when the offender leads the victim to reasonably believe he is armed with a dangerous weapon."