461 So.2d 382 (1984)
STATE of Louisiana
v.
Shelton DAUZART.
No. KA-1390.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1984.
*383 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for appellee.
Before GULOTTA, KLEES and ARMSTRONG, JJ.
GULOTTA, Judge.
Defendant was convicted of two counts of armed robbery, LSA-R.S. 14:64, and sentenced to five years on each count. The sentences are to run consecutively. In his only assignment of error, defendant requests review for errors patent.
The record does not indicate whether or not the defendant was present at his arraignment. However, it does reflect that his attorney was present and entered a plea of not guilty to both counts of the charge. Any irregularity in the arraignment is waived if the defendant either pleads guilty or goes to trial without objecting to the irregularity. See LSA-C.Cr.P. Art. 555. Because no objection was made in the instant case, we find no basis to set aside the conviction because of this error patent in the record.
The record also contains an error in the verbiage used by the trial judge in sentencing. According to the record entry, the defendant was sentenced without benefit of "pardon, parole, or suspension of sentence". The proper statutory language should have been without benefit of "parole, probation, or suspension of sentence". The word pardon was erroneously substituted for the word probation. We encountered the same problem in State v. Smith, 450 So.2d 714 (La.App. 4th Cir.1984). In that case, we held the incorrect language to be a typographical error. We reach the same conclusion in the instant case.
The last error patent on the face of the record is the absence of a delay between the denial of the new trial motion and sentencing. The record fails to indicate that the defendant waived the twenty-four hour delay. The Supreme Court has held such error to be harmless unless prejudice is shown by the defendant. State v. Brogdon, 426 So.2d 158 (La.1983). State v. White, 404 So.2d 1202 (La.1981). Because the appellant has not shown any prejudice here and has in fact not even raised this issue, this error is harmless.
Although not assigned as error, we have reviewed the sufficiency of evidence to support the defendant's conviction. State v. Raymo, 419 So.2d 858 (La.1982). To obtain a conviction for armed robbery, the State must prove that the defendant *384 committed: 1) a theft, 2) of anything of value, 3) upon the person of or the immediate control of another, 4) by use of force or intimidation, 5) while armed with a dangerous weapon.
In the instant case, a wristwatch, van, cash, and clothing from his dry cleaning business were stolen from Swon Sung Park. A wristwatch was also taken from Lewis Gautreaux on the premises. In both instances, a gun was used. Swon Park, the business owner and eye witness, identified the defendant as being one of three persons who perpetrated the crime. The defendant offered evidence of an alibi.
The jury chose to believe the State's witnesses. There was sufficient evidence, viewed in the light most favorable to the prosecution, to lead the jury to find the defendant guilty beyond a reasonable doubt. State v. Boelyn, 432 So.2d 260 (La.1983); State v. Bruins, 407 So.2d 685 (La.1981).
The conviction and sentence are affirmed.
AFFIRMED.