467 So.2d 58 (1985)
STATE of Louisiana
v.
Henry W. WORMSER.
No. KA-2587.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Rehearing Denied April 26, 1985.
*59 Harold J. Wheeler, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Maria M. Lazarte, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
Before SCHOTT, GARRISON and WILLIAMS, JJ.
WILLIAMS, Judge.
On June 24, 1983, defendant, Henry Wormser, was charged by Bill of Information with possession with intent to distribute Hydromorphone (dilaudid) in violation of R.S. 40:967. After a trial by jury, the defendant was found guilty as charged. The state filed a multiple bill, defendant pled guilty to multiple offender status, and he was sentenced to ten years at hard labor. Defendant appeals his conviction, and requests this court to review forty assignments of error.
On the morning of June 10, 1983, New Orleans police received a tip from a confidential informant that a drug sale was going to take place in the vicinity of Schiro's grocery store on the corner of Royal and St. Roch Streets. Police placed the area under surveillance during which time they observed the defendant trying to hand something to John "Smiley" Weinmann. The officers approached defendant and discovered a green balloon with pills inside it in defendant's hand. Defendant was arrested and a subsequent search of his person produced another balloon with pills inside it, over seven thousand dollars ($7,000.00) in cash, and a prescription bottle with seven four-milligram tablets of dilaudid. In all, one hundred ninety-seven two milligram dilaudid tablets were found in the two balloons.
At trial the prosecution presented an expert in the field of street packaging and street use of controlled substances who testified that packaging pills in balloons was common practice for persons distributing narcotics.
Jeanna Paysee Yazbeck, a pharmacist who owns Paysee's pharmacy, testified that she had filled seven prescriptions for four milligram doses of dilaudid but never a prescription for two milligram tablets. Mrs. Yazbeck further testified that she had never substituted two milligram tablets for the prescribed four milligram tablets.
Mr. Wormser's doctor, Pierre Espenan, testified for the defense. He testified that he began treating Mr. Wormser on January 12, 1982 for severe and painful shoulder injuries sustained in an automobile accident. He testified that he prescribed four milligram doses of dilaudid several times during 1982 but that he had never prescribed two milligram dilaudid.
In his first assignment of error, defendant asks this court to review the record for errors patent. The record indicates that the trial court did not wait twenty-four hours after the denial of the motion for a new trial in imposing the original sentence, contrary to the requirements of La.C.Cr.Pr. art. 873. We, however, find this is harmless error since the defendant has neither alleged nor demonstrated actual prejudice. See State v. Brogdon, 426 So.2d 158 (La.1983). We find, therefore, that this assignment is without merit.
Furthermore, we have reviewed the record for sufficiency of the evidence and find that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found defendant *60 guilty of violating LSA-R.S. 40:967, possession with intent to distribute dilaudid. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Graham, 420 So.2d 1126 (La.1982).
Additionally, we have considered defendant's other assignments of error and find assignments 31 through 36 worthy of consideration here. Our consideration of defendant's other assignments are treated in an unpublished appendix.
In assignments of error 31 through 36 defendant objects to several statements made by the state during closing argument.

ASSIGNMENT OF ERROR NO. 31
In assignment 31 defendant contends that the trial court erred in allowing the following statements by the prosecution: "no one has presented any legal defense as to [defendant's] actions on the date being in question," made during the presentation of defense exhibits; and, in closing argument, "Nobody ever came and took the stand and told you ...".
With regard to the statement made during the presentation of defense exhibits, defense counsel failed to make an objection or to move for a mistrial. La.C.Cr.Pr.Ann. art. 770 provides that upon a motion by the defendant, a mistrial shall be had when the state refers to a defendant's failure to testify on his own behalf. Here, the defendant failed to make an objection or move for a mistrial at the time the statement was made. The motion for mistrial is a necessity and the defense cannot raise the issue for the first time on appeal. State v. Sullivan, 352 So.2d 649 (La.1977).
Perhaps the prosecution's statement, during closing argument, that "nobody ever came and took the stand ..." may be construed as a disguised reference to the defendant's failure to testify on his own behalf. But even so, art. 770 applies; and, such a statement constitutes reversible error if the statement was intended to draw the attention of the jury to the defendant's failure to testify. State v. Smith, 433 So.2d 688, 697 (La.1983). When the defendant is the only person who can dispute the testimony, a reference to the testimony or uncontroverted focuses the jury's attention of the defendant's failure to testify. State v. Latin, 412 So.2d 1357, at 1362 (La.1982). However, in the instant case, there were numerous witnesses who could have testified for the defendant; therefore, the prosecutor's remarks did not focus the jury's attention on the defendant's failure to testify. Furthermore, it cannot be inferred that the prosecutor intended to emphasize defendant's failure to take the stand. State v. Smith, 327 So.2d 355 (La.1976). Assignment of error number 31 is without merit.

ASSIGNMENT OF ERROR NO. 32
In assignment of error number 32, defendant claims that the prosecution misstated testimony during closing argument. In the closing argument the prosecutor stated that "the defendant attempted to hand over this object to Smiley." Defendant claims this is a direct contradiction to the police testimony which indicated an arrest was made before any gesture to "hand over" was made. A review of the record reveals that this assignment is without merit. The trial transcript indicates that one officer testified "we observed the defendant attempting to hand Smiley an object..."; another that "[defendant] had an object in his left hand that he was offering to Smiley"; and, a third officer stated that the arresting officers "observed Mr. Wormser passing the subject Smiley something with his ... in his left hand." The prosecutions statement that the defendant "attempted to hand over this object to Smiley" is not inconsistent with the three statements made by the testifying officers.

ASSIGNMENTS OF ERROR NOS. 33, 34 and 36
By assignments of error 33, 34 and 36 defendant alleges that the state's closing remarks that defendant's only legal defense for the possession charge was a prescription *61 which he failed to produce constituted reversible error. We disagree.
La.C.Cr.Pr.Ann. art. 774 provides in pertinent part: "The argument shall be confined to evidence admitted, to the lack of evidence, to the conclusions of fact ... and to the law applicable to the case." (Emphasis added).
Additionally, the trial court is vested with much discretion in controlling the scope of counsel's argument. State v. Prestridge, 399 So.2d 564 (La.1981). We feel that the remarks in question were directed towards the lack of evidence presented by the defense to support the theory that Mr. Wormser was in legal possession of the seized drugs and that it was within the purview of the trial court to allow the prosecution's statement.

ASSIGNMENT OF ERROR NO. 35
Assignment of error number 35 again addresses alleged misstatements during the prosecution's closing remarks. The defendant claims that the assistant district attorney incorrectly quoted and expanded testimony by defense witness, Dr. Espenan. We have examined the testimony given by Dr. Espenan and compared it to the closing remarks by the Assistant District Attorney and find that there is no material discrepancy between the prosecution's summary and the testimony summarized.
Furthermore, the defense failed to object to the statements at trial, and it is well-settled in Louisiana that once a verdict is received, a defendant may not avail himself of any error unless objection was made at the time of the occurrence. La.C.Cr.Pr. Ann. art. 841; State v. Kahey, 436 So.2d 475 (La.1983). For the foregoing reasons we find assignment of error 35 without merit.
For the foregoing reasons, and those contained in the unpublished appendix, the defendant's conviction and sentence imposed by the trial court are affirmed.
AFFIRMED.