480 So.2d 937 (1985)
STATE of Louisiana, Appellee,
v.
Clarence Ray JACKSON, Appellant.
No. 17437-KA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
Rehearing Denied January 10, 1986.
Writ Denied March 21, 1986.
*939 Andrew S. Vallien, Natchitoches, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, John C. Blake, Dist. Atty. by Walter E. May, Jr., Asst. Dist. Atty., Jonesboro, for appellee.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
The defendant Jackson was found guilty by a jury, as charged, of distribution of marijuana (La.R.S. 40:966A). He was sentenced to five years confinement and a fine of $5,000. The jail term was suspended and defendant was placed on probation for five years. He appealed his conviction, reserving nine assignments of error, two of which were abandoned.
In August 1982, defendant sold for cash approximately one-half pound of marijuana to an undercover Louisiana State Police agent. The defendant was not arrested until May 1983, because others were under investigation and the agent needed to preserve his undercover status. At trial in October 1984, the government introduced the marijuana sold by defendant and called three police witnesses including the undercover agent. The defense presented no witnesses or evidence.

ASSIGNMENT OF ERROR NO. 1
Defendant complains that the trial court erred in refusing to grant his motion for a continuance to enable him to take a polygraph test. This test was necessary, *940 he argues, because of a plea bargain arrangement in which the prosecution indicated its willingness to dismiss the charge should defendant pass the test in exchange for defendant's guilty plea should he fail. In support of this argument, defense counsel offered a copy of his letter to the prosecutor making such proposal. Defense counsel admitted the prosecutor did not respond to the offer. The prosecutor denied any discussions with defense counsel regarding a polygraph examination for defendant. In addition, we find no evidence in the record of a defense motion for continuance on this ground. The assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant next argues it was error to deny his motion for continuance on the ground he was not being tried by a "jury of his peers." Only 31 of the possible 100 persons on the list of petit jurors were present in court and available for defendant's trial. Therefore, he argues, he was denied a fair opportunity to select and be tried by his peers. Defendant makes no allegation at trial or on appeal that the jury impaneled was defective or improper or that he was somehow prejudiced. The correct procedural device for alleging a jury venire was improperly constituted is a motion to quash. La.CCrP Art. 532(9). Defendant's failure to timely file such a motion constitutes waiver of the objection. La.CCrP Art. 535(D). In addition, La.CCrP Art. 419 provides that a jury venire will not be set aside for any reason absent a showing of fraud or irreparable injury to the defendant. Defendant has made no such showing, nor did he move to quash. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant asserts the trial court erred when it allowed the prosecution, in response to a defense motion for a bill of particulars regarding venue of the crime, to amend its answer immediately preceding trial. The prosecution initially gave the location of the arrest instead of the location of the offense. Immediately prior to trial the prosecution was permitted to amend its answer to state the location of the offense. Defendant cites La.CCrP Art. 487 as authority for refusing to allow amendments. This article refers to amendments in indictments and bills of information, not to bills of particulars. During the preliminary examination there was testimony as to the location of the offense. Defendant was on notice of the proper location, there was no surprise, and he has failed to show the amendment resulted in any prejudice. Venue was not challenged and the trial judge did not abuse his discretion in permitting the amendment. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant argues that the lower court erred in refusing to grant his motion for a mistrial based on the prosecutor's statements made during closing argument. After two days of trial the prosecution rested. Following a brief recess, the defense rested without calling witnesses or presenting evidence. The assistant district attorney then began his argument to the jury with this comment:
I apologize for being somewhat disorganized. I never would have anticipated at all that there would be no evidence put on by defendant in [the] case and I was not ...
At this point defense counsel objected and moved for a mistrial on the ground the prosecution had made reference to defendant's failure to take the stand. The trial judge denied the motion and we are called upon to determine whether the prosecutor's statement constituted reversible error.
La.CCrP Art. 770 prohibits prosecution statements which draw attention to defendant's failure to testify. If the statement was a direct reference to defendant's failure to testify, the intent of the prosecutor is immaterial. If the reference, however, is indirect, it is reversible error when the statement can be understood only in the context that the prosecutor intended to emphasize defendant's failure to testify. *941 State v. Burkhalter, 428 So.2d 449 (La. 1983); State v. Smith, 327 So.2d 355 (La. 1976). A statement that the state's case is uncontroverted is not necessarily prohibited unless the defendant is the only person who can dispute the state's case. State v. Perkins, 374 So.2d 1234 (La.1979). When there are other possible defense witnesses, a statement that the state's case is uncontroverted does not focus the jury's attention on the defendant's failure to testify. State v. Smith, 433 So.2d 688 (La.1983); State v. Latin, 412 So.2d 1357 (La.1982).
The prosecutor in State v. Jackson, 454 So.2d 116 (La.1984), used almost identical language to the case at hand:
... the defense did not put on any witnesses, and they don't have to, as we stated earlier. They don't have to say anything ... (at page 117)
The Supreme Court held that there were other witnesses who could have testified for the defendant and the remark therefore did not focus the jury's attention on defendant's failure to testify.
In the instant case, the jury could have inferred that the prosecutor's statement meant that the state's case was uncontroverted because the defense had other possible witnesses besides the defendant. Following opening statements, defense counsel requested the prosecution witnesses be called and sequestered. Three prosecution witnesses were named and placed under the rule. Defense counsel then stated he would like to call his witnesses. They were not present in court but five witnesses were identified by name. Defendant agreed that these witnesses should be placed under the rule when they appeared. These matters occurred and were discussed in open court in the jury's presence. The jury was placed on notice by the defense that witnesses other than defendant were available. We conclude then that the jury could have inferred that defendant was not the only person who could controvert the state's case. Therefore, we find that the prosecutor's statement did not improperly focus the jury's attention on defendant's failure to testify. See Perkins, supra; Smith, supra; Latin, supra.
In State v. Wormser, 467 So.2d 58 (La. App. 4th Cir.1985), the prosecutor remarked "... Nobody ever came and took the stand and told you [referring to defendant's actions on the day in question] ..." The court held:
... there were numerous witnesses who could have testified for the defendant, therefore, the prosecutor's remarks did not focus the jury's attention on the defendant's failure to testify. Furthermore, it cannot be inferred that the prosecutor intended to emphasize defendant's failure to take the stand. (467 So.2d at 60)
When taken in context of the trial, the prosecutor's statement was an inadvertent, and perhaps inartful, excuse for his being unprepared. This assignment of error is without merit.

ASSIGNMENT OF ERRORS NOS. 6, 7 and 8
By these assignments of error, defendant alleges that the trial court erred when it denied defendant's motion for a new trial, accepting instead, a verdict based on insufficient evidence.
In order to satisfy due process standards, the record evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational juror (factfinder) to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). La.CCrP Art. 821, added by Act No. 144 of 1982, tracks the Jackson language in setting up a Louisiana standard pertaining to post-verdict motions for acquittal based upon insufficiency of the evidence.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When *942 the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983). Moreover, the Supreme Court recently noted that "although the circumstantial evidence rule [La.R.S. 15:438] may not establish a stricter standard of review than the more general reasonable juror's reasonable doubt formula, it emphasizes the need for careful observation of the usual standard, and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence." State v. Chism, 436 So.2d 464, 470 (La. 1983); State v. Smith, 441 So.2d 739 (La. 1983).
In the instant case, the trial court did not err in finding the evidence sufficient to support defendant's conviction. There exists ample evidence to support the jury's finding that the essential elements of the crime were proven beyond a reasonable doubt.
The statute that the defendant was convicted of violating, La.R.S. 40:966 A, states:
§ 966.
A. Manufacture; Distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I;
Thus, the state must only show that the defendant knowingly or intentionally distributed marijuana.
The testimony adduced at trial, especially that of State Trooper Charles Epps, provides proof that defendant did in fact distribute marijuana.
Trooper Epps testified that he purchased marijuana from the defendant on July 26, 1982, and that the defendant was subsequently arrested on May 6, 1983. The fact that an ongoing undercover narcotics investigation was being conducted was the reason given by Epps in explaining the delay in arresting the defendant. As Epps explained, to have immediately arrested the defendant would have "blown" his cover, effectively ending the investigation.
Trooper Epps described the purchase in fairly good detail, stating that he approached the defendant at his residence after being introduced by a second suspect, and asked about purchasing a half pound of marijuana. Defendant suggested Epps return in about 30 minutes and he would have the marijuana. Trooper Epps met him and purchased two quarter-pound bags for $350. Deputy Keith Watkins, whom Trooper Epps was working with while in Jackson Parish, testified that Trooper Epps notified him by telephone of the planned buy and requested $500 to purchase the marijuana. Watkins further testified that Epps contacted him again that night, notifying him that the purchase had been completed.
Finally, Trooper Epps identified the marijuana at trial, and a Crime Lab report, identifying the substance purchased by Trooper Epps from the defendant as marijuana, was introduced into evidence. There was no contradictory evidence presented by the defendant. Therefore, the factfinder was left only with the task of determining the credibility of Trooper Epps.
During a review of a ruling of the trial court based upon a finding of fact, great weight is placed upon the determination of the court below, because the trial judge had the opportunity to observe the witnesses and weigh the relative credibility of their testimony. State v. Loyd, 425 So.2d 710 (La.1982); State v. Alford, 384 So.2d 761 (La.1980); State v. Sullivan, 352 So.2d 649 (La.1977). These findings will not be disturbed unless they are not supported by the evidence. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Castillo, 389 So.2d 1307 (La.1980), cert. denied 453 *943 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1004 (1981).
Here, defendant wholly fails to make a showing that the trial court erred in refusing to disturb the jury's credibility determination or that the evidence was insufficient to support his conviction.
Accordingly, the trial court did not err in denying defendant's motion for new trial or in its finding that the evidence presented was sufficient to support defendant's conviction. These assignments of error are meritless.

DECREE
For the reasons explained, defendant's conviction is affirmed.
NORRIS, J., concurs.