BYRNES, Judge.
The defendant, Juan Gonzales, was charged with the first degree murder of James Simsone. He was found guilty of manslaughter and sentenced to twenty-one years at hard labor. He now appeals, urging as error the trial court’s failure to inquire as to whether a conflict of interest existed on the part of the defense counsel.
During a hearing on defendant’s motion to suppress his identification, his counsel began to question the testifying officer as to proper police procedures to be followed in conducting a photo I.D. When counsel made reference to a police department regulation, the state objected and informed the court that the court-appointed defense counsel was also a reserve police officer. The state claimed that the defense counsel had access to inside information which put the state at a disadvantage in the proceedings. The state also asserted a conflict of interest on the part of the defense counsel. The court overruled the state’s objection. No claim of conflict of interest was made by the defendant at trial.
The defendant now asserts, on appeal that an actual conflict of interest existed. He argues that the divided loyalties of his defense counsel acted to his disadvantage. We disagree.
The case law clearly establishes that when a defendant raises the issue of conflict of interest for the first time after his conviction, he must demonstrate that the conflict adversely affected his lawyer’s *1237 performance. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); State v. Kahey, 436 So.2d 475 (La.1983); State v. Morrow, 440 So.2d 98 (La.1983); State v. Rowe, 416 So.2d 87 (La.1982).
The record in the instant case shows a vigorous and competent representation by the defense counsel. Indeed it is argueable that the complained of conflict of interest worked to the appellant’s benefit since counsel’s knowledge of police procedures was an asset in developing the defense strategy. This assignment is without merit.
We have also examined the record of the trial proceeding for errors patent. We note that under C.Cr.P. Art. 873 a delay of at least twenty four hours is required between the denial of a motion for a new trial or arrest of judgment and the imposition of sentence unless the delay is expressly waived by the defendant. In the instant case, defense motions for a new trial and for a post verdict judgment of acquital were denied immediately prior to sentencing on January 6, 1984. The record does not contain an express waiver by the defendant of the delays required by Art. 873. Although failure to observe the proper delay in sentencing is an error patent, it is deemed harmless error unless it results in actual prejudice to the defendant. State v. Brogdon, 426 So.2d 158 (La.1983); State v. Sheppard, 371 So.2d 1135 (La.1979); State v. Dauzart, 461 So.2d 382 (La.App. 4th Cir.1984). In our opinion, the failure to comply with Art. 873 did not prejudice the defendant in this case. We therefore find this error to be harmless.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.