PRESTON H. HUFFT, Judge Pro Tern.
Defendant, convicted of purse snatching in violation of LSA-R.S. 14:65.1, urges on appeal that the trial court erred in denying the defendant’s motion for a new trial. The defendant argues that his motion for a new trial should have been granted because the special charge given by the trial court pertaining to the defendant’s alleged “flight” should not have been given. We disagree and affirm the conviction.
At approximately 7:45 p.m. on October 7, 1985, Kathy Morris exited the Walgreens on S. Claiborne Avenue in New Orleans, Louisiana and went to her car. Before she could unlock the door, two youths came up behind her, and she felt a jerk on her purse strap. The youths hurried past her, one of whom was carrying her purse. The youths then ran across S. Claiborne Avenue.
Ms. Morris went to the nearby home of a friend, Ernest Brumfield. Ms. Morris, Brumfield, and a third friend cruised the area of the theft looking for the youths. As the three entered an alley between Po-peyes and McDonalds on S. Claiborne, they observed two youths, one holding money and going through a lady’s wallet. Ms. Morris recognized the holder of the money and the wallet, later identified as the defendant Ronald Alexander, as the person who took her purse ten minutes earlier. *592 Brumfield detained Alexander but released the other youth when Ms. Morris indicated he was not involved in the purse snatching. Ms. Morris’ coin purse was found inside Alexander’s jacket pocket. Eventually, police officers arrived and arrested Alexander.
Alexander denied stealing the purse. He testified he was walking through the alleyway when a boy he knew as “Happy Fellow” came up to him and showed him a wallet he had found. Alexander maintained he was telling the boy to get rid of the purse when Brumfield accosted him. Alexander denied having Ms. Morris’ coin purse in his pocket.
By his sole assignment of error, the appellant contends that the trial court erred by charging the jury as to “flight.” The appellant does not allege that the contents of the instruction were erroneous. Instead, he argues that the instruction should not have been given at all.
C.Cr.P. art. 802 provides in part that “[t]he court shall charge the jury: (1) As to the law applicable to the case.” The appellant admits that the evidence shows he did flee the scene of the purse snatching, but he maintains that his type of flight occurs “in nearly, if not all, crimes.” He apparently argues that the “flight” charge should only be given in instances where a defendant fled during or after his arrest. However, the cases he cites in support of this argument do not limit the jury instruction as to flight only to such cases. In fact, in State v. Smith, 407 So.2d 652 (La.1981), the defendant was seen fleeing the area of a burglary within minutes of its report, and the Court upheld as proper the jury charge as to flight.
Here, the victim testified that the appellant fled the scene of the crime after snatching her purse. As such, it does not appear that the trial court erred by charging the jury as to flight. Even if such charge was given in error, it does not appear that this instruction so prejudiced the defendant as to affect his substantial rights or that it contributed to the jury’s verdict, especially in light of Ms. Morris’s identification of the appellant as the assailant and Brumfield’s identification of him as the person caught with Ms. Morris’ wallet. Thus, any error that may have occurred from the jury charge as to flight was harmless. C.Cr.P. art. 921; State v. Banks, 439 So.2d 407 (La.1983). This assignment is without merit.
A review of the record for errors patent reveals that the minute entry of sentencing does not indicate that the appellant waived his right to a twenty-four-hour delay between the denial of his motion for new trial and his sentencing (R. 19). However, the appellant does not assign this as error nor does he allege any prejudice from this lack of delay. Thus, such error is harmless. State v. Wormser, 467 So.2d 58 (La.App. 4th Cir.1985), writ den. 474 So.2d 946 (La.1985); State v. Dauzart, 461 So.2d 382 (La.App. 4th Cir.1984).
Accordingly, for the above reasons, the appellant’s conviction and sentence are affirmed.