638 So.2d 246 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Franko DOUCET, Defendant-Appellant.
No. Cr. 93-1523.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
Rehearing Denied July 14, 1994.
*247 Richard W. Vidrine, Ville Platte, for State.
Raymond J. Lejeune, Mamou, for Franko Doucet.
Before LABORDE, KNOLL and WOODARD, JJ.
WOODARD, Judge.
Franko Doucet was convicted of first degree robbery in violation of La.R.S. 14:64.1. The trial court sentenced him to twenty-five years at hard labor without benefit of probation, parole or suspension of sentence. He appeals his conviction and sentence, alleging two assignments of error.

FACTS
On November 22, 1992, defendant, Franko Doucet, met his cousin, Cortez Doucet AKA Cortez Williams (Williams), in Ville Platte. Both men obtained a ride with Robert Lafleur and Christopher Bias. The four drove to a Charter convenience store. Defendant and Williams entered the store. Williams used the bathroom, and the two left without making any purchases. The two men were then dropped off at an apartment complex near the store, after which Lafleur and Bias drove away.
After the two men were dropped off near the apartment complex, Williams told defendant that he was "going to do something crazy" and that he was going to "rob that store." The defendant replied "all right." Williams asked defendant if he was "down with the program," which meant if defendant was willing to participate, and defendant replied "yes." The two then proceeded back to the Charter store. The defendant waited outside of the Charter store in the parking lot and watched for the police as Williams went in and robbed the store. When Williams exited the store, the defendant asked him if he had the money, then both he and the defendant ran back towards the apartment complex before heading in different directions.
Patricia Taffi, who was employed by Charter Marketing, testified that on November 22, 1992, the defendant and Williams had entered the store about 11:00 p.m., one of them used the bathroom, and then the two left without making any purchases. Mrs. Taffi further testified that a short time later, Williams returned to the store. Williams put a sandwich in the microwave, then proceeded behind the counter and pulled a butcher knife on her. Mrs. Taffi testified that Williams grabbed her arm and put the knife near her neck while he forced her to open up the cash register. He then ran out of the store with the money taken from the cash register. Mrs. Taffi did not see defendant with Williams at the time of the robbery.
Defendant and Williams were charged by an amended bill of information with one count of armed robbery, a violation of La. R.S. 14:64. Williams entered a plea of guilty to armed robbery on March 26, 1993 and, as a result of a plea bargain, was sentenced to fifteen years at hard labor. On July 27, 1993, defendant was found guilty of first degree robbery, a violation of La.R.S. 14:64.1. On October 7, 1993, defendant was sentenced to twenty-five years at hard labor without benefit of probation, parole or suspension of sentence. Defendant motioned for the court to reconsider his sentence but the court denied defendant's motion. Defendant now appeals his conviction and sentence, alleging two assignments of error.

ASSIGNMENT OF ERROR NUMBER 1
By this assignment of error, defendant contends the evidence presented to the jury at the trial cannot support a verdict of guilty of first degree robbery. The defendant argues that at most, he did aid and abet in the commission of a crime by acting as a lookout, but the evidence was insufficient to conclude that the defendant was a principal to first degree robbery because there is no *248 evidence to show that he had any knowledge that Williams was armed with a dangerous weapon or that Williams intended to lead the victim to believe he was armed with a dangerous weapon. At best, defendant argues he should only be guilty as a principal to simple robbery.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
La.R.S. 14:64.1(A) defines first degree robbery as follows:
"First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon."
La.R.S. 14:65(A) defines simple robbery as follows:
"Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon."
La.R.S. 14:24 defines principals as follows:
"All persons concerned in the commission of a crime whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
The state may prove a defendant guilty by showing that he served as a principal to the crime by aiding and abetting another. La.R.S. 14:24; State v. Smith, 513 So.2d 438 (La.App. 2d Cir.1987). Under this theory, the defendant need not have actually performed the taking to be found guilty. All principals to a crime are not necessarily guilty of the same grade of offense. Although La.R.S. 14:24 does not specifically provide that a principal must have the intent to commit the crime for which he is convicted, several Louisiana Supreme Court cases have held that an individual may only be convicted as a principal for the crimes for which he personally had a requisite mental state. State v. Holmes, 388 So.2d 722 (La. 1980); State v. Watson; 397 So.2d 1337 (La. 1981), cert. denied, 454 U.S. 903, 102 S.Ct. 410, 70 L.Ed.2d 222 (1981); State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). Thus, an individual may only be convicted as principal for those crimes for which he personally has the requisite mental state. In this case, a first degree robbery conviction, an essential element of the crime is that the defendant leads the victim to believe that he was armed with a dangerous weapon. Therefore, the state had to prove beyond a reasonable doubt that defendant knew that Williams would lead the victim to believe that he was armed with a dangerous weapon during the robbery.
The defendant implies that first degree robbery involves some sort of showing of "specific intent." The only "specific intent" involved in robbery offenses arose from previous definitions of armed robbery and simple robbery which defined these two offenses as requiring proof of "theft." To prove "theft" required a showing that the defendant had the specific intent to permanently deprive the victim of his property. However, now the definitions of armed robbery *249 and simple robbery do not define these offenses by reference to "theft," thus, proof of specific intent is no longer required. Moreover, proof of specific intent to permanently deprive was never a component of first degree robbery as defined in La.R.S. 14:64.1, which was enacted only in 1983 and does not describe first degree robbery as a type of "theft." State v. Augustine, 545 So.2d 1203 (La.App. 4th Cir.1989).
In State v. Smith, 450 So.2d 714 (La.App. 4th Cir.1984), the Fourth Circuit reversed a defendant's conviction for armed robbery and found the defendant guilty of simple robbery because the evidence was insufficient to support a conviction of armed robbery. In Smith, the defendant and his brother entered a shoe store and proceeded to rob it. During the robbery, the defendant's brother armed himself with a hammer and threatened the store's employees. The court held that although the defendant committed a simple robbery, the evidence did not show that the defendant was a principal to armed robbery because the he did not employ the use of the hammer, mention the hammer to the victims, and did not know of the hammer before his brother saw it and used it in the robbery.
In State v. Watson, 529 So.2d 94 (La.App. 4th Cir.1988), writ denied, 535 So.2d 740 (La.1989), the defendant was convicted of armed robbery and aggravated rape. The evidence established that the defendant's accomplice carried a gun from the beginning of the encounter with the two female victims, that both individuals forced the women into an alley where they were robbed, and the gun was held to one victim's head by the accomplice while the women were being sexually attacked. The court held that the jury could have reasonably concluded that the defendant knew his accomplice was using a gun in the course of the crime and thereby aided and abetted him in committing the aggravated rape. The court distinguished State v. Smith, 450 So.2d 714 (La.App. 4th Cir.1984), holding that "the evidence supports a conclusion that Watson knew of the existence of the weapon before and during the rape."
The case sub judice is similar to State v. Smith, supra, as the evidence is insufficient to prove defendant aided or abetted Williams in the commission of a robbery with a dangerous weapon. The evidence does not support a conclusion that the defendant knew of the existence of the knife before or during the robbery or that Williams might lead the victim to believe that he was armed with a dangerous weapon. In his statement to the police on the day of the robbery, defendant stated that he did not know Williams was armed with a knife until he saw Williams running out of the store putting a knife inside his pocket after the robbery. There is no evidence that defendant was in the store at the time of the robbery. Additionally, Williams testified that the defendant was not aware that he had a knife on his person until after the robbery.
For the foregoing reasons, defendant's conviction for first degree robbery is reversed and the sentence is vacated. This does not mean, however, that the defendant should be discharged. The discharge of a defendant is neither necessary nor proper when the evidence supports a conviction on a lesser and included offense which was a legislatively authorized responsive verdict. State v. Jones, 426 So.2d 1323 (La.1983); State v. Byrd, 385 So.2d 248 (La.1980). Accordingly, a conviction of simple robbery in violation of La.R.S. 14:65 is entered, and the case is remanded to the trial court for sentencing.

ASSIGNMENT OF ERROR NUMBER 2
Since we are reversing the defendant's conviction for first degree robbery, this assignment of error concerning the excessiveness of that sentence is moot.

PATENT ERROR
A review of the record reveals a patent error. La.Code Crim.P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Therefore, the trial court is ordered to give the defendant credit for time served at the time of sentencing.

*250 CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence for first degree robbery is reversed, a conviction for simple robbery is entered and the case is remanded to the trial court for sentencing thereon. Furthermore, the trial court is ordered to give the defendant credit for time served at the time of sentencing.
REVERSED AND REMANDED.
KNOLL, J., dissents and assigns reasons.
KNOLL, Judge, dissenting.
The majority reverses a criminal conviction of first-degree robbery and reduces the conviction to simple robbery, and remand for resentencing.
Whether or not the defendant knew that his codefendant, Williams, had a knife in the act of robbery was a factual credibility determination put squarely before the jury. This was part of the defendant's defense. He was billed and tried for armed robbery before a jury. The responsive verdicts to armed robbery are listed in LSA-C.Cr.P. Art. 814(22.):
Guilty
Guilty of attempted armed robbery.
Guilty of first-degree robbery.
Guilty of attempted first-degree robbery.
Guilty of simple robbery.
Guilty of attempted simple robbery.
Not guilty.
The jury apparently believed him and convicted him of first-degree robbery, which does not require a dangerous weapon. There is no legal basis to reduce this offense to simple robbery. The majority commits clear error and ignores that we are constitutionally prohibited from reviewing facts in criminal cases. Moreover, the jury returned a verdict consistent with defendant's defense. For these reasons I respectfully dissent.