JOHNSON, J.,
dissents and assigns reasons.
| ¶ This case involves a robbery that occurred in a Wal-mart parking lot. Raul Jorge Castro (Castro) was charged with armed robbery in violation of La. R.S. 14:64. Ryan Marie Smith (Smith) was also charged, as a principal, with armed robbery for her role in the offense. Smith and Castro were tried separately.
At Smith’s trial, the victim testified that while she was unloading items from her shopping cart into her vehicle, a man exited from a white car, grabbed her purse from her shopping cart, and escaped. Smith was the driver of the vehicle. The victim testified that she saw at least two other people inside of the getaway car, but she was unable to determine whether the man who robbed her (Castro) was holding anything in his hands, and she did not see a gun. Smith testified that she did not have any knowledge that Castro planned to arm himself with a weapon or that a weapon was present in the car before the robbery. A jury found Smith guilty of armed robbery and sentenced her to twelve (12) years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.
The Court of Appeal, Second Circuit, found that the evidence was insufficient to establish that Smith had knowledge that Castro would arm himself with a dangerous weapon to commit the robbery. The Court of Appeal noted that:
All principals to a crime are not necessarily guilty of the |2same grade of offense. State v. Doucet, 93-1523 (La.App. 3d Cir.5/4/94), 638 So.2d 246. An individual may only be convicted as a principal for those crimes for which he personally has the requisite mental state. State v. Pierre, 93-0893 (La.2/3/94), 631 So.2d 427; State v. King, 06-554 (La.App. 5th Cir.1/16/07), 951 So.2d 384. To be a principal to an armed robbery, the State must prove beyond a reasonable doubt that a defendant knew that her co-offender would arm himself with a dangerous weapon. Doucet, supra.[1]
The Court of Appeal properly found that the evidence was sufficient to convict Smith of simple robbery because this robbery involved (1) a taking, (2) of something of value, (3) from a person or in the immediate control of another, (4) by the use of force or intimidation, (5) but not armed with a dangerous weapon. La. R.S. 14:65.
Given the facts present in this case, the defendant’s conviction was properly modified to simple robbery. Finding no error, I would not disturb the Court of Appeal judgment.

. State v. Smith, 42,302, (La.App. 2 Cir. 8/15/07) 962 So.2d 1190, 1194.