ON REHEARING
PER CURIAM.
The State filed a motion for a rehearing urging that this court, in reviewing for errors patent on the face of the record, went beyond the proper scope of review by reviewing the evidence contained in the trial transcript, citing State v. Leak, 306 So.2d 737 (La.1975) and State v. Wrestle, Inc., 360 So.2d 831 (La.1978). Alternatively, the State urges that the record be amended to reflect that the polling of the jury was a correct 10-2 verdict for conviction, but that Gloria M. Welch incorrectly transcribed the vote of the juror, Ms. Jean Batiste, as a “no” vote when her vote actually was recorded as a “yes” vote.
In the interest of justice, we find the best method to properly dispose of this matter is to allow the State the opportunity to amend the transcript to properly reflect the correct vote of the juror, Ms. Jean Batiste, and to forward the corrected transcript to this court, whereupon we will reconsider defendant’s appeal.
Accordingly, this case is remanded to the district court to allow the State the opportunity to amend the transcript to properly reflect the correct vote of the juror, Ms. Jean Batiste, and to then forward the corrected transcript to this court for reconsideration. Since we are grantiong the relief *1338 sought by the State, a rehearing is unnecessary.
REHEARING GRANTED FOR THE LIMITED PURPOSE AS STATED IN THIS PER CURIAM.